OPINION
{¶ 1} Defendant-appellant Michael Hartmier appeals from a judgment of the Montgomery County Common Pleas Court, Juvenile Division, adopting a magistrate's decision to dismiss a motion made by Hartmier to review an administrative license suspension of his driver's license. Hartmier contends that the trial court erred in dismissing his Motion to Review the Administrative License Suspension, because R.C. 3123.53, et seq., is unconstitutional in that it violates his substantive and procedural due process rights guaranteed by the United States Constitution and the Ohio Constitution. We conclude that Hartmier waived the issue of the constitutionality of R.C. 3123.53, et seq., because he failed to raise that issue in the trial court. Therefore, we decline to hear this issue for the first time on appeal.
 {¶ 2} Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} Michael Hartmier and Kimberly Mullins are the parents of Angel Hartmier. In November, 1990, Michael was ordered to pay child support for his daughter. In June, 2003, the State filed a motion for Hartmier to show cause why he should not be held in contempt for failing to pay his court-ordered child support obligations. After a hearing in November, 2003, the trial court found that Hartmier was currently receiving need-based public assistance and did not have the funds to pay his child support. The trial court found that Hartmier was not in contempt of court.
 {¶ 4} In November, 2003, Hartmier filed a motion to review an administrative license suspension of his driver's license. The State filed a motion to dismiss Hartmier's Motion to Review the Administrative License Suspension. In January, 2004, a magistrate dismissed Hartmier's Motion to Review the Administrative License Suspension, based on lack of jurisdiction. Hartmier filed objections to the magistrate's decision. The trial court overruled Hartmier's Objections to the Decision of the Magistrate, because Hartmier failed to provide hearing transcripts and failed to provide sufficient evidence that the magistrate's decision was in error. From the judgment of the trial court, Hartmier appeals.
 II {¶ 5} Hartmier's sole assignment of error is as follows:
 {¶ 6} "Appellant's sole assignment of error is that the trial court erred in dismissing defendant/appellant's motion to review the administrative license suspension."
 {¶ 7} Hartmier contends that the trial court erred in dismissing his Motion to Review the Administrative License Suspension, because R.C. 3123.53, et seq., is unconstitutional in that it violates his substantive and procedural due process rights guaranteed by the United States Constitution and the Ohio Constitution.
 {¶ 8} Where a court or a child support enforcement agency makes a final and enforceable determination under R.C. 3123.01-.07 that an individual is in default under a child support order, R.C. 3123.53 to 3123.54 authorizes the court or child support enforcement agency to determine whether the individual holds a driver's license and to notify the individual as well as the registrar of motor vehicles. R.C. 3123.55 provides that if the registrar of motor vehicles receives the notice and determines that the individual is the individual named in that notice and that the individual holds a driver's license, the registrar will impose a suspension of the individual's driver's license.
 {¶ 9} R.C. 3123.03 requires that the office of child support send a default notice to the obligor within fifteen calendar days after a default under a child support order is determined. R.C.3123.04 provides that "an obligor who receives a default notice * * * may file a written request for an administrative hearing with the child support enforcement agency that identified the default regarding whether a mistake of fact was made in the notice. The request must be filed not later than seven business days after the date on which the default notice is sent." R.C. 3123.032
provides that if an obligor receives a default notice and fails to make a timely request for an administrative hearing under R.C.3123.04, the default notice becomes a final and enforceable determination by the child support enforcement agency.
 {¶ 10} Hartmier concedes that he is in default of the child support order. He contends that this is the reason he never requested a mistake-of-fact hearing. Hartmier contends that because the goal of R.C. 3123.53, et seq., is to collect child support from obligors, and Hartmier is unable to pay child support, R.C. 3123.53, et seq., violates his right of due process by virtue of the fact that it provides him no recourse to the courts to determine his ability or inability to pay the child support ordered.
 {¶ 11} The Supreme Court of Ohio has held that "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." State v. Awan (1986),22 Ohio St.3d 120, 120, 22 OBR 199, 489 N.E.2d 277, syllabus.
 {¶ 12} In his memorandum in support of his Motion to Review Administrative License Suspension, Hartmier stated, in its entirety, as follows:
 {¶ 13} "Obligor is ordered to pay child support through the Montgomery County Enforcement Agency (MCSEA). Obligor is delinquent in his child support obligation. MCSEA, through the Ohio Bureau of Motor Vehicles, suspended Obligor's Ohio operator's license. Obligor is unable to find gainful employment because of his inability to drive. The administrative action by the MCSEA has placed undue hardship upon Obligor and Obligor's family. Obligor desires the Court to review the administrative license suspension and Order the reinstatement of Obligor's driving privileges."
 {¶ 14} We have found nothing in the record to indicate that Hartmier raised the issue of the constitutionality of R.C.3123.53, et seq., in the trial court. Because Hartmier did not raise the issue of the constitutionality of R.C. 3123.53, et seq., in the trial court, that issue is waived. See Awan,
supra. We decline to hear this issue for the first time on appeal.
 {¶ 15} Hartmier's sole assignment of error is overruled.
 III {¶ 16} Hartmier's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
Wolff and Young, JJ., concur.