OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Joseph K. McCaleb, filed May 10, 2005. McCaleb appeals the April 12, 2005 decision of the trial court overruling McCaleb's objections to the magistrate's decision. The magistrate granted Appellee, Lyndsay M. Hangen, a civil stalking protection order against McCaleb. McCaleb and Hangen were friends at one time, and in the course of their friendship, McCaleb provided Hangen with items for the upcoming birth of her baby, along with financial assistance. When Hangen refused to reimburse McCaleb after he repeatedly requested that she do so, McCaleb sued Hangen in Xenia Municipal Court. Hangen then filed her petition for the civil stalking protection order on October 26, 2004, stating that McCaleb "will not stop writing emails and harassing me until I will talk to him." The magistrate issued the civil stalking protection order on January 12, 2005. McCaleb filed his objections to the magistrate's decision on February 16, 2005, and the trial court overruled them and adopted the magistrate's decision on April 12, 2005. In his civil suit McCaleb obtained a judgment against Hangen in the amount of $2,038.50.
 {¶ 2} McCaleb's first assignment of error is as follows:
 {¶ 3} "THE COURT FAILED TO ABIDE BY THE RULES ESTABLISHED IN THE OHIO CODE OF JUDICIAL CONDUCT, CANON 3(B)(5)."
 {¶ 4} "Allegations of judicial misconduct under the Code of Judicial Conduct are not cognizable on appeal but are matters properly within the jurisdiction of the disciplinary counsel."State v. Wright, Franklin App. No. 03AP-470, 2004-Ohio-677. Accordingly, McCaleb's first assignment of error is overruled.
 {¶ 5} McCaleb's second assignment of error is as follows:
 {¶ 6} "THE COURT IGNORED AND/OR MISCONSTRUED VITAL EVIDENCE"
 {¶ 7} "Our analysis begins from the premise that the decision to grant a [civil stalking protection order] is left to a trial court's sound discretion and will not be reversed on appeal absent an abuse of that discretion. (Internal citations omitted.) We note that an abuse of discretion is described as more than an error of law or judgment; rather, it implies that a trial court's attitude was unreasonable, arbitrary, or unconscionable. (Internal citations omitted.) When reviewing a matter under the abuse-of-discretion standard, appellate courts must not substitute their judgment for that of the trial court. (Internal citations omitted.) To establish an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason, but instead passion or bias." (Internal citations omitted.) Smith v. Wunsch, Hocking App. No. 04CA14, 2005-Ohio-3498.
 {¶ 8} Hangen is entitled to a civil stalking protection order if she alleged and proved that McCaleb harassed her in such a way as to violate Ohio's menacing by stalking statute, R.C.2903.211(A)(1) and (2). The statute provides that "[n]o person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person", and that "[n]o person, through the use of any electronic method or remotely transferring information, including, but not limited to, any computer, computer network, computer program, or computer system, shall post a message with purpose to urge or incite another to commit a violation of division (A)(1) of this section." "A `pattern of conduct' means two or more actions closely related in time, and `mental distress' means any mental illness or condition that involves `some temporary substantial incapacity' or any mental illness or condition that normally requires `psychiatric treatment, psychological treatment, or other mental health services, whether or not any person requested or received psychiatric treatment, psychological treatment, or other mental health services.'" Smith.
 {¶ 9} McCaleb argues on appeal that the trial court ignored the following evidence: (1) Hangen's statement that McCaleb "did nothing wrong"; (2) the nearly four month period during which McCaleb did not contact Hangen; (3) Hangen's filing of her petition for protection on the same day McCaleb served her with his Complaint; (4) Hangen's repeated attempts to contact McCaleb after the protective order went into effect; (5) "[t]he lies that Petitioner stated during our hearing"; (6) evidence of physical abuse Hangen's boyfriend directed at her and her inexplicable failure to seek protective relief against him.
 {¶ 10} McCaleb also argues that the trial court erroneously cited the following facts which he asserts are "completely false": (1) McCaleb contacted Hangen after July 6, 2004; (2) McCaleb's numerous emails reached the capacity of Hangen's inbox and she could receive no more messages; (3) McCaleb posted threatening messages directed at Hangen's boyfriend; (4) McCaleb sent a retaliatory email to Hangen in August of 2004; (5) McCaleb emailed Hangen during or after August, 2004; (6) McCaleb attempted to call Hangen on October 26, 2005; (7) McCaleb left unsolicited gifts on Hangen's property; (8) McCaleb's emails contained threats of violence; (9) Hangen relocated due to McCaleb's actions; (10) McCaleb intercepted Hangen's credit card statements while using the computer.
 {¶ 11} The trial court reviewed numerous emails McCaleb sent to Hangen and determined them to be threatening. In one such email, sent May 21, 2004, the address of which is "lmhstalker," McCaleb asks Hangen, "Do you like this email address? A friend created it when you accused me of stalking you." In another, dated July 5, 2004, McCaleb states, "If you want more time so we can talk, I'll be more than happy to give it to you but you shouldn't have ignored me, lied about it and insulted me. As if I'm the type of person who would stalk and kill someone all because they wouldn't be my friend." Also, in a message dated July 5, 2005, McCaleb states. "I know where you live. Each time you emailed and IM'd me, it logs your IP address which tells where you are * * * not the exact location, but the city where you live. Stop telling me you live outside the state, it's getting old." McCaleb admitted that he posted Hangen's address on his instant message profile, and that he contacted her repeatedly after she told him to leave her alone. Hangen testified, "I'm just scared that some day [McCaleb] just won't leave me alone and something bad will happen to my baby * * *."
 {¶ 12} We cannot say that the trial court abused its discretion in overruling McCaleb's objections to the magistrate's decision. Hangen established the requisite pattern of conduct under the statute. While McCaleb testified that Hangen is not afraid of him and that "she's just doing this out of malice," the trial court obviously did not believe his version of events. We will not substitute our judgment for the trial court's. Accordingly, McCabe's second assignment of error is overruled.
 {¶ 13} McCaleb's third assignment of error is as follows:
 {¶ 14} "NEW EVIDENCE HAS SINCE EMERGED"
 {¶ 15} McCaleb argues that Hangen, during the April 5, 2005 trial in municipal court, admitted to contacting McCaleb from November 30, 2004 until January 17, 2005, and that Hangen testified that she planned to drop the civil stalking protection order against McCaleb. For the reasons discussed above, the trial court did not abuse its discretion in finding that Hangen was entitled to a civil stalking protection order based on the evidence before it. Hangen's subsequent conduct cannot serve as the basis for an appeal of the trial court's decision. Accordingly, McCaleb's third assignment of error is overruled. The judgment of the trial court is affirmed.
Grady, P.J. and Wolff, J., concur.