OPINION
{¶ 1} Defendant-appellant Joseph McCaleb appeals from an order of the Greene County Common Pleas Court denying his motion for relief from judgment pursuant to Civ.R. 60(B). McCaleb contends that the trial court abused its discretion in *Page 2 
determining that the evidence did not support the requested relief.
 {¶ 2} We conclude that McCaleb's motion was appropriately overruled under the doctrine of res adjudicata, because the arguments raised therein and the exhibits attached thereto are essentially the same as set forth in a prior motion for relief, which the trial court previously overruled. The order of the trial court denying relief from the judgment is Affirmed.
 I {¶ 3} In 2004, Lyndsay Hangen filed a Petition for Civil Stalking Protection Order against Joseph McCaleb. In January, 2005, following a hearing, the magistrate entered a decision and order finding that Hangen was entitled to a CSPO based upon the finding that McCaleb used e-mail correspondence to threaten Hangen. The magistrate found that McCaleb engaged in a "pattern of conduct intended to harass [Hangen]," that he "knowingly continued to cause mental distress to [Hangen]," and that some of his threats to her could "reasonably be interpreted to be threats of physical harm." McCaleb filed objections to the magistrate's decision, which were overruled by the trial court.
 {¶ 4} McCaleb filed an appeal of that decision with this court. During the pendency of that appeal, he also filed a motion for relief from judgment with the trial court. The trial court overruled the motion upon a finding that it had no jurisdiction to consider the matter during the pendency of the appeal. Thereafter, on February 17, 2006, we affirmed the judgment of the trial court. See, Hangen v. McCaleb, Greene App. No. 2005 CA 54, 2006-Ohio-776. *Page 3 
 {¶ 5} On March 14, 2006, McCaleb filed a second motion for relief from judgment to which he attached numerous exhibits, including transcripts of e-mails and instant messages from Hangen, which he contended proved that Hangen had been the aggressor, that she fabricated her story to the court, and that he had not threatened her or caused her mental distress. The trial court overruled this motion, holding that the information submitted by McCaleb had been available to him prior to the hearing on the CSPO, and that the evidence did not demonstrate fraud or mistake.
 {¶ 6} McCaleb then filed a third motion for relief from judgment, on April 14, 2006, in which he again indicated that Hangen had not been truthful with the trial court regarding the need for a CSPO, and that she had continued to contact him via e-mail and instant messaging after the date of the hearing on the CSPO. He argued that the contact initiated by Hangen is relevant to the issue of whether she was afraid of him. The trial court overruled this motion on the basis that some of the evidence was available prior to the hearing date, that some of the evidence had been ruled on in the decision overruling McCaleb's second motion for relief from judgment, and that some of the evidence did not apply to this action. McCaleb appeals from the denial of his third motion for relief.
 II {¶ 7} McCaleb's sole assignment of error states as follows:
 {¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN OVERRULING MCCALEB'S MOTION FOR RELIEF."
 {¶ 9} McCaleb contends that the trial court erred by overruling his motion for *Page 4 
relief. In support, he argues that the trial court disregarded evidence supporting his claim for Civ.R. 60(B) relief.
 {¶ 10} In order to prevail upon a motion brought under Civ. R. 60(B), the moving party must demonstrate that: (1) he has a meritorious defense or claim to present if relief is granted; (2) he is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. GTE Automatic Electric v.ARC Industries (1976), 47 Ohio St.2d 146, 150-151.
 {¶ 11} In this case, the trial court overruled the motion, in part, because the issues argued had been raised in the prior motion. We agree. A review of the exhibits attached to the later motion, which form the basis for his arguments and allegations, reveals that all of the exhibits were either capable of being produced at the original hearing on the CSPO or else were included in the prior Civ.R. 60(B) motion.
 {¶ 12} The doctrine of "[r]es judicata prevents the successive filings of Civ.R. 60(B) motions for relief from a valid, final judgment when based upon the same facts and same grounds or based upon facts that could have been raised in the prior motion." Harris v. Anderson,109 Ohio St.3d 101, 102, 2006-Ohio-1934, ]}8, citing Beck-Durell CreativeDept., Inc. v. Imaging Power, Inc., Franklin App. No. 02AP-281, 2002-Ohio-5908, ]} 16, and Roberts v. Roberts, Montgomery App. Nos. 20432 and 20446, 2004-Ohio-5799, ]} 25. Thus, we need not render an opinion on the allegations contained in the motions, but simply note that the second motion is not based upon new facts or information. McCaleb could have appealed from the March, 2006, denial of the second motion. He did not. Instead, one month later he filed a third motion, based upon the same basic argument set forth in his prior motion. A "Civ.R. 60(B), motion for relief from *Page 5 
judgment cannot be used as a substitute for a timely appeal * * *."State ex rel. Bragg v. Seidner, 92 Ohio St.3d 87, 2001-Ohio-152.
 {¶ 13} This court reviews a trial court's denial of a motion for relief from judgment under an abuse of discretion standard. NationalCity Mtge. Co. v. Johnson Assoc. Financial Services, Inc., Montgomery App. No. 21164, 2006-Ohio-2364, ]}11. Because we conclude that McCaleb's third motion for relief from judgment was barred by reason of res adjudicata, in view of the disposition of his second motion for relief from judgment, we cannot say that the trial court abused its discretion when it overruled his third motion for relief from judgment. Accordingly, McCaleb's sole assignment of error is overruled.
 III {¶ 14} McCaleb's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
 WOLFF, P.J., and DONOVAN, J., concur. *Page 1