**SHEPARD GRAIN COMPANY, Appellee,**

v.

**CREAGER, Appellant.**

[Cite as *Shepard Grain Co. v. Creager*, 160 Ohio App.3d 377, 2005-Ohio-1717.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 2003 CA 35.

Decided April 8, 2005.

378

**380**

John E. Fulker, for appellee.

Robert L. Creager, for appellant.

DONOVAN, Judge

{¶ 1} Robert Creager is appealing from the judgment of the Miami County Municipal Court, which granted Shepard Grain Company ("Shepard") a judgment against Creager in the amount of $1,200.

{¶ 2} On April 4, 2002, Shepard brought this action against Creager while he was incarcerated. Shepard filed a complaint seeking $1200 that the Miami County Sheriff had in its possession belonging to Creager. Shepard asserted that the $1,200 had been stolen by Creager from Shepard, and therefore Shepard sought its return. Creager did not receive a copy of the complaint until May 8, 2002. Creager requested a hearing, which the magistrate scheduled for June 16, 2002. Creager sought a continuance of this hearing and requested an order of conveyance for the hearing. The magistrate agreed to continue the hearing and rescheduled it for July 15, 2002. Additionally, the magistrate denied Creager's motion to be conveyed to Miami County for the hearing. Creager did not receive notice of the new hearing date and the denial of his motion to convey until June 20, 2002.

{¶ 3} On July 1, 2002, Creager filed a second motion for a continuance and a request to be present via telephone for the hearing and to have the court depose him. On July 9, 2002, the magistrate denied Creager's second motion for a continuance. However, the magistrate did not address Creager's request to be present via a telephone conference for the hearing or his request to be deposed by the trial court. A hearing on the complaint was held on July 15, 2002, with

only Shepard present. On July 16, 2002, the magistrate entered a judgment in favor of Shepard in the amount of $1200 and ordered that the sheriff pay the $1,200 in its possession to Shepard. In its decision, the magistrate noted that Creager had failed to appear for trial. The court's docket shows that the next day, a motion by Creager, obviously drafted and mailed prior to the court's July 16 decision, was filed. In this motion, Creager objects to the magistrate's decision to deny Creager's second motion for a continuance and asks the court to reconsider this order.

{¶ 4} Unfortunately, Creager never received a copy of the court's July 16, 2002 decision awarding the $1200 to Shepard. In August 2002, Creager filed a motion for notification of all of the court's decisions, specifically stating that he had not received the court's July 16, 2002 entry. On August 15, 2002, Creager attempted to file an appeal to this court from the July 16 decision. However, the clerk's office refused to file his notice of appeal because he had not included the necessary filing fee. On August 16, 2002, Creager filed a motion to stay the judgment pending appeal and a motion in procedendo in which he argued that the magistrate erred in failing to rule on his motion to be present by telephone for the hearing and in never giving him a copy of the July 16 entry.

{¶ 5} On October 24, 2004, the trial court finally ruled on Creager's July 17 motion for the court to reconsider the magistrate's denial of his second motion for a continuance and his objections to this decision. The court denied the motion. Creager repeatedly attempted to file his appeal with the Miami County Clerk of Courts. Due to misinformation, Creager also attempted to file his notice of appeal directly with this court of appeals rather than with the Miami County Clerk. Eventually, on August 19, 2003, Creager was able to properly file his notice of appeal with Miami County. Creager's appeal is now before this court.

{¶ 6} Creager raises the following assignments of error:

{¶ 7} "[1.] The trial court erred in not granting defendant's motion for production of documents and records, motion for notice of any hearing and to be present during hearing.

{¶ 8} "[2.] The trial court erred in not granting defendant's motion for continuance, and not granting motion for issuance of warrant to convey, or in the alternative, for issuance of a writ of habeas corpus ad testificandum.

{¶ 9} "[3.] The trial court erred in not granting defendant's right to lodge defendant's motion to be present at the hearing of this case via telephone and a motion to have defendant deposed by the court.

{¶ 10} "[4.] The trial court erred in not granting defendant's motion to be present at the hearing of this case via telephone and a motion to have defendant deposed by the court.

{¶ 11} "[5.] The trial court erred when it did not provide the defendant with a copy of the judgment entry dated 7/16/02 * * *, especially when the defendant filed motions and wrote letters to the court expressing a need for such document and not having received such document. The trial court again erred when it refused to allow defendant to a[sic] direct appeal by denying the defendant the right to place an appeal upon the docket for failing to pay a filing fee and then directing the defendant to a Dayton, OH, address for filing his appeal."

### Appellant's first assignment of error

{¶ 12} Creager argues that the trial court erred in failing to grant his motion for production of documents, motion for notice of any hearing, and motion to be present during the hearing. We disagree.

{¶ 13} Before the trial court, Creager filed a motion requesting that the trial court order the Miami County Clerk of Courts and the Miami County Sheriff to give Creager all records concerning the arrest and indictment of Doug Jennings in relation to property stolen from Shepard Grain Company. We cannot say that the trial court abused its discretion in denying this motion. Civ.R. 34(C) states, "[A] person not a party to the action may be compelled to produce documents or tangible things * * * as provided in Civ.R. 45." Civ.R. 45 provides for a party to a lawsuit to have the clerk issue a subpoena, filled out by a party in the case, for the production of documents at a hearing by someone other than a party to the matter. Therefore, if Creager wanted documents in the possession of the Miami County Clerk of Courts or the Miami County Sheriff's department, he needed to use Civ.R. 45 to obtain those documents. Therefore, we cannot say that the trial court abused its discretion in overruling Creager's motion for production of documents.

{¶ 14} Additionally, Creager filed a motion for notice of any hearings in this matter and to be present at all hearings. Creager argues that the trial court erred in failing to grant these motions as well. It appears from the record that Creager received notice of all of the hearings in this case. Therefore, we cannot say that the trial court abused its discretion in denying Creager's motion for notice of all hearings. As to Creager's motion that he be present at all hearings, this argument is similar to the second assignment of error, addressed below. For the reasons that Creager's second assignment of error lacks merit, we find that this argument also lacks merit. Creager's first assignment of error is without merit and is overruled.

### Appellant's second assignment of error

{¶ 15} Creager argues that the trial court erred in denying his motion for a continuance and his motion for issuance of a warrant to convey him to the court for the hearing. We disagree.

{¶ 16} Creager filed two motions for continuances before the trial court. Creager's first request for a continuance was granted. Creager's second motion for a continuance was denied. The trial court is given great discretion in its determination of whether or not to grant a continuance. *State v. Unger* (1981), 67 Ohio St.2d 65, 67, 21 O.O.3d 41, 423 N.E.2d 1078. From a review of the record in this case, we cannot say that the trial court abused its discretion in denying Creager's motion for a continuance.

{¶ 17} Creager is also arguing that the trial court erred in refusing to issue a warrant to convey him from prison to the court for the hearing. The United States Supreme Court has specifically "chosen not to extend to [prisoners] the Fourteenth Amendment due process right to physical access to the courts." *Mancino v. Lakewood* (1987), 36 Ohio App.3d 219, 221, 523 N.E.2d 332 citing *Wolff v. McDonnell* (1974), 418 U.S. 539, 576, 94 S.Ct. 2963, 41 L.Ed.2d 935. Thus, an absolute right for an incarcerated party to be present in a civil action does not exist. *Kampfer v. Donnalley* (1998), 125 Ohio App.3d 359, 363, 708 N.E.2d 750. The decision whether or not to allow an incarcerated party to be present is within the sound discretion of the trial court. Id. However, the trial court must give careful consideration of a prisoner's request to be present at the hearing:

{¶ 18} "Whether a prisoner should be permitted to be brought to trial to argue his case personally depends upon the particular circumstances of each case. We hold that the following criteria are to be weighed in making this determinations: (1) whether the prisoner's request to be present at trial reflects something more than a desire to be temporarily freed from prison; (2) whether he is capable of conducting an intelligent and responsive argument; (3) the cost and convenience of transporting the prisoner from his place of incarceration to the courthouse; (4) any potential danger or security risk the prisoner's presence might pose; (5) the substantiality of the matter at issue; (6) the need for an early resolution of the matter; (7) the possibility and wisdom of delaying the trial until the prisoner is released; (8) the probability of success on the merits; and (9) the prisoner's interest in presenting his testimony in person rather than by deposition." *Mancino*, 36 Ohio App.3d at 221–222, 523 N.E.2d 332.

{¶ 19} In this case, the trial court considered the *Mancino* factors. The trial court was concerned about the costs and logistics that would be involved in transporting Creager and providing sufficient security for Creager while he was in court. Further, at the time of the filing of this motion, Creager had not offered to be deposed, nor had he sought to obtain legal counsel. Having reviewed the record, we cannot say that the trial court abused its discretion in determining that under the *Mancino* factors, Creager had not shown compelling

reasons for conveying him to the court for the hearing and in therefore denying his motion for the court to issue a warrant to convey him for the hearing. Creager's second assignment of error is without merit and is overruled.

## Appellant's third assignment of error

{¶ 20} In Creager's third assignment of error, he asserts that the Miami County Clerk of Courts erred by failing to place on the docket his motion to be present at the hearing in this case via telephone and to have himself deposed by the court. However, the clerk did put this specific motion of Creager's on the docket. The docket shows that on July 1, 2002, a motion by Creager was filed, described as a motion to be present at the hearing. Upon closer inspection of the record, this motion is what Creager refers to in this assignment of error as not having been filed. As this motion was filed, this assignment of error is without merit and is overruled.

## Appellant's fourth assignment of error:

{¶ 21} Creager argues that the trial court erred in failing to rule on his motion to be present at the hearing via telephone and in his motion to have the court depose him. We agree as to his request to be present via telephone but disagree as to his motion to be deposed by the court.

{¶ 22} When a trial court disposes of a case, motions that have not been ruled upon are presumed to have been denied. *Pentaflex v. Express Serv., Inc.* (1998), 130 Ohio App.3d 209, 217, 719 N.E.2d 1016. In this case, the trial court failed to rule on Creager's motion to be present for the hearing via a telephone or his motion to be deposed by the court. Therefore, we must assume that the trial court denied the motions.

{¶ 23} In regard to Creager's motion to have the trial court depose him, a trial court generally does not depose parties in a civil suit. If Creager wished to have himself deposed, it would be his responsibility to arrange the deposition himself. Additionally, Creager is free to submit an affidavit that the court may then consider as evidence in a case. However, we cannot say that the trial court abused its discretion by denying Creager's motion to have the court depose him.

{¶ 24} However, as to Creager's motion to be present via telephone for the hearing, we cannot reach the same result. When prisoners are involved in civil actions in courts and the court does not find it appropriate to transport the prisoner to the courthouse, a trial court should consider innovative, alternative ways for the prisoner to participate in the action, such as telephone conference calls, rather than rendering judgment against the prisoner, especially if the prisoner suggests an alternative means for participation. *Laguta v.*

*Serieko* (1988), 48 Ohio App.3d 266, 267, 549 N.E.2d 216; *Elkins v. Elkins* (Jan. 4, 1999), Clermont App. No. CA98–03–019, 1999 WL 939. Creager requested a hearing on Shepard's complaint. The trial court denied his motion for the court to convey him to the court for the hearing. As the trial court denied his motion to convey, it does not seem unreasonable for the court to have Creager participate in the hearing via a telephone conference call as he requests. Creager has made multiple filings in this case, consistently demonstrating his interest in his funds. We find that the trial court did abuse its discretion in failing to consider and, thus, denying Creager's motion to be heard via telephone at the hearing. Creager's fourth assignment of error is overruled as to his motion for the court to depose him and is sustained as to Creager's motion to participate in the hearing via telephone.

### Appellant's fifth assignment of error

{¶ 25} Creager argues that the trial court erred in failing to provide him with a copy of the July 16, 2002 judgment entry, in which the court ruled against him. Further, Creager asserts that the trial court also erred in failing to permit him to place an appeal of this entry on the docket. We disagree.

{¶ 26} On July 16, 2002, the lower court entered judgment in favor of Shepard and against Creager. Unfortunately, Creager failed to receive a copy of the judgment entry. Creager did receive a copy of the docket and discovered that a judgment had been entered against him. It is unclear from the record when, if ever, Creager finally received a copy of the July 16, 2002 entry. Creager states that he did not have a copy of the opinion by the time he attempted to file his first notice of appeal. One of Creager's many requests for a copy of the judgment entry came on July 18, 2003. There is a notation on the document, apparently by someone at the Miami County clerk's office that a copy of the judgment entry was mailed to him on July 21, 2003. However, even after that date, Creager continued to file requests for the document.

{¶ 27} Clearly, it was improper and error for Creager not to have promptly received a copy of the judgment entry the magistrate entered against him. This delay affected his opportunity to appeal his case and possibly limited his ability to argue his appeal. However, since we find that it was reversible error for the trial court to ignore Creager's request to be present via telephone for the hearing and then to grant judgment to Shepard based on the evidence presented at the hearing, the issue of whether it was reversible error to fail to give Creager a copy of the judgment entry is moot.

{¶ 28} Additionally, in this assignment of error, Creager argues that the trial court erred by failing to place his appeal on the docket. We need not

determine whether this was error because Creager's appeal was eventually filed and considered by this court despite any delay in the filing of the appeal. Therefore, any error in refusing to place Creager's appeal on the docket was harmless error. Creager's fifth assignment of error is without merit and is overruled.

{¶ 29} The judgment of the trial court is reversed and remanded.

Judgment reversed
and cause remanded.

WOLFF and FAIN, JJ., concur.