OPINION
{¶ 1} Defendant-appellant Richard Schaub appeals from a judgment overruling his motion for relief from judgment. Schaub contends that the trial court abused its discretion in overruling the motion because his circumstances and incarceration rendered him incompetent and unable to defend against claims asserted by plaintiffs-appellees *Page 2 
Cincinnati Insurance Company, David Thompsen, and Beverly Thompsen.[1] Schaub also contends that the trial court erred in refusing to grant relief from judgment, because the motion was supported by sufficient evidence.
 {¶ 2} We conclude that the trial court did not abuse its discretion in overruling the motion for relief from judgment. Schaub improperly attempted to use the motion as a substitute for timely appealing from the judgment and assigning as error the denial of his motion for appointment of counsel. There is no generalized right of counsel in civil litigation, and Schaub's incarceration did not render him either incompetent or under a legal disability for purposes of defending himself in the pending action. Further, the motion for relief from judgment did not comply with the requirements under Civ. R. 60(B), as it failed to demonstrate excusable neglect. Schaub also failed to demonstrate that he had a meritorious defense to present. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} This action arose from a fire that occurred in November 2002, at the Thompsen residence. Richard Schaub was apprehended by the police "as he was *Page 3 
fleeing outside the burning home with his own clothing aflame."State v. Schaub, Montgomery App. No. 20395, 2005-Ohio-3328, at ¶ 6. Schaub was subsequently indicted on one count of Aggravated Arson. Following a jury trial held in 2004, Schaub was convicted of Aggravated Arson and was sentenced to eight years in prison. We affirmed the conviction and sentence in June 2005. Id. at ¶ 3, 4, and 25.
 {¶ 4} At the time of the fire, the Thompsens were insured with Cincinnati Insurance. After paying the Thompsens $173,988.55 for damages caused by the fire, Cincinnati filed a civil action against Schaub in November 2004. The Thompsens were included as plaintiffs in the suit, to recover their $500 deductible. The complaint alleged that Schaub had negligently or recklessly set fire to the Thompsens' residence, and that Schaub had been indicted for Arson and Aggravated Arson. Count One of the complaint asserted a claim of negligence and Count Two asserted a claim of negligence per se. The complaint also alleged that the plaintiffs had been damaged in the amount of $174,488.55 as a proximate result of Schaub's acts.
 {¶ 5} Residence service on Schaub was initially unsuccessful, but service was then perfected on Schaub at Chillicothe Correctional Institution (CCI). In January 2005, Schaub filed a pro se motion for stay and an answer to the complaint. In the motion for a stay, Shaub stated that he had wrongfully been convicted of the criminal charge and was currently incarcerated at CCI. Schaub further indicated that an appeal was pending, that he expected the criminal case to be remanded for retrial, and that he was physically and financially unable to defend the civil litigation. In his answer, Schaub merely denied all involvement in the arrangement, planning, or commission of the arson.
 {¶ 6} In April 2005, the trial court rejected the motion for a stay, after concluding *Page 4 
that civil cases do not have to be stayed during the pendency of criminal actions. Subsequently, in September 2005, Schaub filed a motion for appointment of counsel. The trial court denied that motion as well. Finally, in March 2007, plaintiffs filed a motion for summary judgment; Schaub did not respond to the motion.
 {¶ 7} The trial court rendered summary judgment on plaintiffs' behalf in April 2007. The court held that Schaub had committed negligence per se by creating a substantial risk of harm when he set fire to the Thompsens' house. The court also concluded that the fire had proximately caused the damages, because Schaub's answer did not specifically deny the plaintiffs' averments about proximate cause. Finally, the court set the matter of damages for a non-oral hearing, and gave both sides an opportunity to file memoranda on the issue prior to the hearing, which was scheduled in May 2007. Plaintiffs filed a memorandum on damages, which was accompanied by an affidavit and documents outlining the damages and amounts that had been paid. Schaub again did not file a response.
 {¶ 8} The trial court entered judgment in favor of Cincinnati and the Thompsens and against Schaub, in the amount of $174,488.55, plus 8% interest per annum and court costs. Schaub did not file a timely notice of appeal from this judgment. However, Schaub filed a motion asking the court to vacate the summary judgment and order of judgment, and to appoint a guardian ad litem. In the alternative, Schaub asked the court to grant relief under Civ. R. 60(B). At this point, Schaub was represented by counsel.
Plaintiffs opposed the requests, and the trial court denied Schaub's motion for relief from judgment. Schaub appeals from the order denying his motion for relief from the judgment. *Page 5 
 I {¶ 9} Schaub's First Assignment of Error is as follows:
 {¶ 10} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN NOT GRANTING THE DEFENDANT/APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT SINCE DEFENDANT/APPELLANT [SIC] CIRCUMSTANCES AND HIS INCARCERATION WERE SUFFICIENT TO DEEM THE DEFENDANT/APPELLANT INCOMPETENT AND UNABLE TO DEFEND AGAINST THE CLAIMS ASSERTED BY THE PLAINTIFFS/APPELLEES IN THE SUBJECT LITIGATION."
 {¶ 11} Under this assignment of error, Schaub contends that the trial court abused its discretion by failing to vacate the summary judgment rendered against him, because Schaub was incompetent and did not have the benefit of a guardian ad litem when the summary judgment was rendered. Relying on Civ. R. 17(B) and R.C. 2111.01(D), Schaub argues that he was incompetent and under a "legal disability" because of his imprisonment when the trial court granted summary judgment.
 {¶ 12} Civ. R. 60(B) permits trial courts to relieve parties or their legal representatives from a final judgment for the following reasons:
 {¶ 13} "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it *Page 6 
is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 14} "To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE AutomaticElec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146,351 N.E.2d 113, at paragraph two of the syllabus.
 {¶ 15} "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." Strack v. Pelton, 70 Ohio St.3d 172, 174, 1994-Ohio-107,637 N.E.2d 914, 915. Motions for relief from judgment under Civ. R. 60(B) are addressed to the sound discretion of the trial court, and the court's ruling "will not be disturbed on appeal absent a showing of abuse of discretion." Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77,514 N.E.2d 1122. "An abuse of discretion connotes conduct which is unreasonable, arbitrary, or unconscionable." State ex rel. Russo v.Deters, 80 Ohio St.3d 152, 153, 1997-Ohio-351, 684 N.E.2d 1237.
 {¶ 16} Notably, Civ. R. 60(B) motions for relief from judgment "cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an *Page 7 
appeal from the original judgment." Key v. Mitchell, 81 Ohio St.3d 89,91, 1998-Ohio-643, 689 N.E.2d 548, and Harris v. Anderson,109 Ohio St.3d 101, 102, 2006-Ohio-1934, 846 N.E.2d 43, at ¶ 9. Accord,Hangen v. McCaleb, Greene App. No. 06-CA-73 2007-Ohio-3160, at ¶ 12.
 {¶ 17} In the present case, Schaub is attempting to use the motion for relief from judgment as a substitute for a timely appeal. Schaub could have raised the issue of appointment of counsel in an appeal from the summary judgment rendered in favor of Cincinnati. However, Schaub did not appeal; he filed a motion for relief from judgment after the appeal time had lapsed. Accordingly, we need not consider the issue of appointment of counsel. Even if we did consider Schaub's arguments pertaining to appointment of counsel, they are without merit.
 {¶ 18} In State ex rel. Jenkins v. Stern (1987), 33 Ohio St.3d 108,110, 515 N.E.2d 928, the Ohio Supreme Court noted that "[t]here is no generalized right of counsel in civil litigation." The Supreme Court noted that:
 {¶ 19} "`* * * [C]ertain distinctions can be made between the rights of civil litigants and those of criminal defendants. A criminal defendant's right to counsel arises out of the sixth amendment, and includes the right to appointed counsel when necessary. * * * A civil litigant's right to retain counsel is rooted in fifth amendment notions of due process; the right does not require the government to provide lawyers for litigants in civil matters. * * * A criminal defendant faced with a potential loss of his personal liberty has much more at stake than a civil litigant asserting or contesting a claim for damages, and for this reason the law affords greater protection to the criminal defendant's rights.'" Id. (Citations omitted.) *Page 8 
 {¶ 20} Intermediate appellate courts, including our own, have followed these principles, and have found no constitutional right to representation in cases involving individual civil litigants. See,e.g., Fraley v. Fraley (July 16, 1999), Montgomery App. No. 17496,1999 WL 960963, * 3; Porter v. Rose, Cuyahoga App. No. 79697, 2002-Ohio-3432, at ¶ 15; and State ex rel. Karmasu v. Tate (1992), 83 Ohio App.3d 199,206-207, 614 N.E.2d 827. Accordingly, Schaub had no right to appointment of counsel.
 {¶ 21} As was noted, Schaub relies on Civ. R. 17(B), which provides for appointment of counsel for incompetents, and on R.C. 2111.01(D). Schaub contends that R.C. 2111.01(D) provides for a right of counsel because it includes prisoners in its definition of "incompetent." In this regard, R.C. 2111.01 states that:
 {¶ 22} "As used in Chapters 2101. to 2131. of the Revised Code:
 {¶ 23} "* * *
 {¶ 24} "(D) `Incompetent' means any person who is so mentally impaired as a result of a mental or physical illness or disability, or mental retardation, or as a result of chronic substance abuse, that the person is incapable of taking proper care of the person's self or property or fails to provide for the person's family or other persons for whom the person is charged by law to provide, or any person confined to a correctional institution within this state."
 {¶ 25} Notably, the definition in question is qualified by the phrase "[a]s used in Chapters 2101. to 2131. of the Revised Code." These chapters of the Revised Code apply to probate proceedings, not to ordinary civil actions. In Kucharski v. Kucharski (Nov. 4, 1999), Cuyahoga App. No. 75049, 1999 WL 1000660, * 4, the Eighth District Court of Appeals noted the defendant's argument that the definition of "legal disability" in *Page 9 
R.C. 2111.01 and R.C. 2131.02 should apply to his civil case because the Revised Code did not contain another definition of "legal disability." The defendant thus contended that a waiver of service and separation agreement he had signed during incarceration were void. The Eighth District disagreed, however, observing that other Revised Code Sections "implicitly indicate that imprisonment is not a disability for purposes of entering into a valid agreement." Id. As examples, the Eighth District noted that:
 {¶ 26} "[P]ursuant to R.C. 2305.01, et seq. and 2743.01, et seq., inmates can file civil complaints against individuals and the state and prosecute such actions. Prior to 1991, R.C. 2305.16 and R.C. 2743.16
provided that imprisonment of the plaintiff at the time the cause of action accrued tolled the statute of limitations applicable to the action during the party's imprisonment. In 1991, however, Senate Bill 125 changed R.C. 2305.16 and R.C. 2743.16 to eliminate imprisonment as a disability for tolling the statute of limitations. Implicit in this change is a presumption that not only can inmates file and prosecute actions, but they can also enter into valid agreements to settle their lawsuits." Id.
 {¶ 27} By the same token, inmates can be sued, and are not considered either incompetent or under a legal disability for purposes of defending a lawsuit. Accordingly, the trial court did not err in failing to appoint counsel for Schaub.
 {¶ 28} We recently observed in the context of the dismissal of an inmate's case that dismissals for lack of prosecution should be a "last resort." We stressed that trial courts should consider avenues like appointment of pro bono counsel, or "alternative, less punitive ways to address the logistical problems associated with a pro se litigant *Page 10 
who is incarcerated in an out-of-state prison." Harden v. City ofDayton, Montgomery App. No. 22072, 2008-Ohio-1599, at ¶ 31. We also commented that "[a]lthough an incarcerated litigant has no absolute right to be present for civil litigation, the trial court has many options it may explore before it arbitrarily dismisses an action for failure of an incarcerated litigant to appear." Id.
 {¶ 29} These comments could be extended as well to suits defended by inmates. However, the circumstances in Hardin were far different from those of the present case. The inmate in Hardin was the plaintiff in a civil rights case based on alleged excessive force and violation of substantive due process rights. The inmate had filed two motions to compel discovery, but the trial court never ruled on the motions. In addition, the trial court did not rule on the inmate's motion for summary judgment, his request for appointment of counsel, or his request for a continuance. Id at ¶ 9-14. Instead of ruling on any of the motions, the trial court dismissed the action for failure to prosecute, based on the inmate's failure to appear for a final pre-trial conference. Id. at ¶ 15.
 {¶ 30} We held that the trial court should have explored other alternatives. In this regard, we observed that:
 {¶ 31} "[C]ourts regularly tell persons who claim their constitutional rights were violated in the course of an arrest that their available avenue of relief is a civil rights action. It would be more than ironic that such an action is then dismissed because an incarcerated pro se plaintiff fails to appear, when no alternative to his personal appearance has been explored." Id. at 32.
 {¶ 32} We also held in Shepard Grain Co. v. Creager,160 Ohio App.3d 377, 384-385, 2005-Ohio-1717, 827 N.E.2d 392, that the trial court had abused its discretion *Page 11 
in denying a defendant's motion to convey an inmate to court for a hearing. We noted that it would not have been unreasonable for the court to consider using a telephone conference call. 2005-Ohio-1717, at ¶ 24. In fact, the inmate had requested a telephone call and had made "multiple filings in this case, consistently demonstrating his interest in his funds." Id. As a result, we held that the trial court abused its discretion in failing to consider and, thus, denying the inmate's motion to be held via telephone. Id.
 {¶ 33} In contrast, the trial court in the present case ruled on all motions that Schaub filed. Schaub took no action for nearly two years after filing his original motion for stay, answer, and motion for appointment of counsel. The record does not reflect that Schaub pursued any discovery. He also failed to respond to the plaintiffs' summary judgment motion, or to their motion proving damages. Accordingly, even if we considered the issue of appointment of counsel, we would find no abuse of discretion.
 {¶ 34} Schaub's First Assignment of Error is overruled.
 II {¶ 35} Schaub's Second Assignment of Error is as follows:
 {¶ 36} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN NOT GRANTING DEFENDANT/APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT, AS SUFFICIENT EVIDENCE WAS BROUGHT FORTH PURSUANT TO OHIO LAW FOR THE MOTION TO HAVE BEEN GRANTED."
 {¶ 37} Under this assignment of error, Schaub contends that the trial court should have granted the motion for relief from judgment because it was supported by sufficient *Page 12 
evidence. Again, we review the court's decision for abuse of discretion.Griffey, 33 Ohio St.3d at 77.
 {¶ 38} As we mentioned, in order to obtain relief from judgment, a movant must demonstrate all three of the following requirements: (1) a meritorious defense or claim; (2) entitlement to relief under Civ. R. 60(B)(1) through (5); and (3) timely filing of the motion. GTE AutomaticElec, Inc., 47 Ohio St.2d 146, at paragraph two of the syllabus.
 {¶ 39} Schaub's motion is based on excusable neglect under Civ. R. 60(B)(1). Therefore, it must have been filed within one year of the judgment. Schaub meets this requirement, as the motion was filed less than six weeks after summary judgment was rendered. However, Schaub has not satisfied the remaining requirements for relief from judgment.
 {¶ 40} The only evidence submitted in support of the motion for relief from judgment was Schaub's affidavit, in which he stated that he was imprisoned, that he did not have a guardian ad litem appointed to aid in his defense, and that he was not aware during the lawsuit of a possibility of being provided an attorney from any source, including his insurance company.
 {¶ 41} Ignorance of the law or "`inexperience with legal matters'" is not excusable neglect. Boling v. DiMeche Vlado, Inc., Franklin App. No. 07AP-146, 2007-Ohio-5795, at ¶ 15 (citations omitted). Furthermore, Schaub failed to make any response to the motion for summary judgment or to the motion on damages, even though the record indicates that he was notified of these matters and of the deadlines for responding. A "complete disregard for the judicial system * * * is not excusable neglect." GTE Automatic Elec, Inc., 47 Ohio St.2d at 153. Schaub's repeated failure *Page 13 
to respond displayed disregard for the judicial system.
 {¶ 42} In Jones v. Gayhart, Montgomery App. No. 21838, 2007-Ohio-3584, we stressed that:
 {¶ 43} "Negligent conduct which demonstrates a complete disregard for the judicial system is not `excusable' for purposes of Civ. R. 60(B)(1). * * * However, negligent conduct is not excusable merely because it fails to rise to that level. Whether negligence is excusable requires consideration of all the surrounding facts and circumstances. * * * To be excusable, failure to perform an act must be justifiable under the facts and circumstances presented." Id. at ¶ 13.
 {¶ 44} In Jones, we found a lack of excusable neglect, where the defendants did not offer an explanation of why they had failed to meet an agreed upon deadline for responding to a summary judgment motion. Id. at ¶ 12-14. Similarly, Schaub did not offer any evidence indicating that his failure to act was justifiable under the circumstances.
 {¶ 45} Even though Schaub was incarcerated, he did not claim that he lacked access to a law library, to writing materials, or to a mail system that would have delivered documents to the court. Schaub offered no explanation of why he failed to even attempt to respond to the documents that were filed in this case or to conduct discovery. Accordingly, because Schaub failed to demonstrate excusable neglect, the trial court did not abuse its discretion in denying the motion for relief from judgment.
 {¶ 46} As an additional matter, Schaub did not present a meritorious defense or claim. "A meritorious defense is one which, if proved, would entitle a party to the relief requested." Williamson v. Saranda Consol.Ltd. Partnership (Dec. 14, 1989), *Page 14 
Montgomery App. No. 11507, 1989 WL 150791, * 4. Despite this requirement, Schaub did not claim in his affidavit that he had a meritorious defense to present if the summary judgment were set aside. A meritorious defense to the pending motion for summary judgment would have required Schaub to have controverted, with evidence permitted by Cir. R. 56, the facts established by the plaintiffs' motion for summary judgment. Schaub did not demonstrate his ability to present a defense to the motion for summary judgment; he simply stated that he was incarcerated and was not represented by a guardian at the time summary judgment was rendered. This is not a defense to the allegations of negligence or negligence per se, which the plaintiffs established with proof satisfying Civ. R. 56.
 {¶ 47} Schaub did contend in his "answer" that he was not involved in the arson. This statement contradicts the jury's verdict, and a conviction would be "very strong evidence on the issue of Schaub's involvement. Nonetheless, Schaub could still have attempted to prove that he was not involved in the fire because" Ohio law "does not * * * preclude additional litigation involving the facts and legal issues underlying the conviction." Phillips v. Rayburn (1999),113 Ohio App.3d 374, 381, 680 N.E.2d 1279. However, Schaub failed to submit any operative facts on this point in his affidavit. In fact, Schaub never mentioned the circumstances of the case. He only alluded to the fact that he was incarcerated and that he was unaware he could ask his insurer for an attorney.
 {¶ 48} "The allegation of operative facts required in order to prevail upon a motion for relief from judgment pursuant to Civ. R. 60(B) must be of such evidentiary quality as affidavits, depositions, answers to interrogatories, written admissions, written *Page 15 
stipulations, or other sworn testimony. Unsworn allegations of operative facts contained in a motion for relief from judgment filed under Civ. R. 60(B) or in a brief attached to the motion are not sufficient evidence upon which to grant a motion to vacate judgment." East Ohio Gas Co. v.Walker (1978), 59 Ohio App.2d 216, 394 N.E.2d 348. See, also, Gill v.Grafton Correctional Institution, Franklin App. No. 04AP-1353,2005-Ohio-3097, at ¶ 11 (rejecting relief from judgment due to lack of appropriate evidence).
 {¶ 49} As we mentioned, Schaub's affidavit contains no facts about a potential defense, and did not satisfy the requirement of establishing that he had a meritorious defense to the action. Because the motion failed to satisfy the requirements for setting a judgment aside under Civ. R. 60(B), the trial court did not abuse its discretion in overruling the motion for relief from judgment.
 {¶ 50} Schaub's Second Assignment of Error is overruled.
 IV {¶ 51} All of Schaub's assignments of error having been overruled, the judgment of the trial court is Affirmed.
GRADY and DONOVAN, JJ., concur.
Copies mailed to:
Matthew W. Schmidt
Jonathan B. Freeman
Hon. Mary L. Wiseman
[1] For purposes of convenience, we will refer to the parties collectively as plaintiffs, and individually as Cincinnati Insurance or the Thompsens. *Page 1