[Cite as *Trammell v. Powell*, 2011-Ohio-2978.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| SHANNON TRAMMELL | : | |
| | : | Appellate Case No. 23832 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 09-CV-06422 |
| v. | : | |
| | : | |
| CEDRIC E. POWELL | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of June, 2011.

. . . . . . . . . . .

SHANNON TRAMMELL, Address Confidential
        Plaintiff-Appellee, *pro se*

CEDRIC POWELL, #383469, London Correctional Institution, Post Office Box 69, London, Ohio 43140
        Defendant-Appellant, *pro se*

. . . . . . . . . . . .

HALL, J.

{¶ 1} Cedric E. Powell appeals pro se from the trial court's issuance of a civil stalking protection order ("CSPO") against him.

{¶ 2} Powell advances four assignments of error on appeal. First, he contends a magistrate violated his constitutional rights by failing to have him conveyed from prison to

attend a hearing on the CSPO. Second, he challenges the legal sufficiency and manifest weight of the evidence to support the trial court's CSPO. Third, he claims the magistrate conducted an untimely CSPO hearing. Fourth, he asserts that the protection order statute, R.C. 2903.214, is unconstitutional.

{¶ 3} The record reflects that Powell was convicted in 2001 on numerous charges, including rape, kidnapping, felonious assault, and corruption of a minor. The victim of the crimes was plaintiff-appellee Shannon Trammell, who was then fifteen years old. As a result of his convictions, Powell received a twenty-two-year prison sentence.

{¶ 4} On August 5, 2009, Trammell filed the present action, seeking a CSPO against Powell. In her petition, she alleged that she had received one or more letters, phone calls, and "indirect threats" from Powell. She also alleged that Powell had offered her money "to say that he didn't do it." The trial court set the matter for a full hearing after Trammell waived an ex parte CSPO. Powell filed an unsuccessful motion to be conveyed from prison to attend the hearing. After several delays, a magistrate conducted the hearing on September 30, 2009. Based on Trammell's testimony, the magistrate found her entitled to a five-year CSPO. Although Powell was served with the magistrate's October 29, 2009 interim order, he did not file any objections. Thereafter, on December 14, 2009, the trial court adopted the magistrate's findings as its own and filed a final five-year CSPO. This appeal followed.

{¶ 5} Powell's first assignment of error challenges the magistrate's refusal to have him conveyed from prison to attend the CSPO hearing. Powell contends the magistrate ignored his motion and violated his due process rights by proceeding in his absence. While acknowledging that incarcerated individuals have no absolute right to be present in civil

proceedings, Powell contends due process required his presence in this case.

{¶ 6} Upon review, we are unpersuaded by Powell's argument. In *Shepard Grain Co. v. Creager*, 160 Ohio App.3d 377, 2005-Ohio-1717, this Court observed that a Fourteenth Amendment due process right of physical access to the courts has not been extended to prisoners. Id. at ¶17, citing *Mancino v. Lakewood* (1987), 36 Ohio App.3d 219, 221, and *Wolff v. McDonnell* (1974), 418 U.S. 539, 576, 94 S.Ct. 2963, 41 L.Ed.2d 935. "Thus, an absolute right for an incarcerated party to be present in a civil action does not exist. * * * The decision whether or not to allow an incarcerated party to be present is within the sound discretion of the trial court." Id.; see, also, *State v. Gordon*, Franklin App. No. 03AP-490, 2003-Ohio-6558, ¶13 ("Contrary to appellant's claims, we find no requirement in that statute and appellant provides no other authority that the trial court must transport the defendant in a CPO action to the hearing or appoint counsel to represent his interests."); *In re Sprague* (1996), 113 Ohio App.3d 274, 276-277 (concluding that an incarcerated appellant's due process rights were not violated when the trial court denied her motion to appear at a hearing involving the termination of her parental rights); *State v. Golston* (1990), 66 Ohio App.3d 423, 435 (recognizing that an incarcerated litigant has no absolute due process right to be present at a civil forfeiture hearing).

{¶ 7} In *Creager*, this Court identified several non-exclusive factors to guide a trial court in the exercise of its discretion. They include "'(1) whether the prisoner's request to be present at trial reflects something more than a desire to be temporarily freed from prison; (2) whether he is capable of conducting an intelligent and responsive argument; (3) the cost and convenience of transporting the prisoner from his place of incarceration to the courthouse; (4)

any potential danger or security risk the prisoner's presence might pose; (5) the substantiality of the matter at issue; (6) the need for an early resolution of the matter; (7) the possibility and wisdom of delaying the trial until the prisoner is released; (8) the probability of success on the merits; and (9) the prisoner's interest in presenting his testimony in person rather than by deposition.'" *Creager* at ¶18, quoting *Mancino,* at 221-222.

{¶ 8} In the present case, the magistrate acknowledged the foregoing factors in explaining the denial of Powell's motion. Although the magistrate did not make specific findings on each factor, his written decision contains sufficient reasoning to facilitate effective appellate review. In relevant part, the magistrate explained:

{¶ 9} "In the case at bar, the Magistrate denied Respondent's request to be transported for the hearing because, as a practical matter, due to Respondent's incarceration for at least five (5) more years, the issuance of a protective order against the Respondent does not infringe on his liberties, such as his right to travel, to carry a weapon, to reside in the neighborhood, or visit the neighborhood of his choice, etc. Respondent is incarcerated at London Correctional Institution as a result of his 1999 conviction of crimes that form the basis of the request. Respondent himself indicated in his filings that he has served only 10 years of a 22 year sentence. Petitioner indicated that he is not eligible for parole for at least five (5) years. It is this Magistrate's judgment that the expense and inconvenience of transporting Respondent for the purpose of the hearing on Petitioner's request for a protective order far outweighs Respondent's interest in being present at the hearing. Again, as a practical matter, should Petitioner prevail, a 'No Contact Order' will be essentially the only real additional restrictions that can be placed on the Respondent at this time, above and beyond the

restrictions created by his incarceration."

{¶ 10} Having reviewed the magistrate's decision, we note that Powell never filed any written objections to it. Therefore, under Civ.R. 53(D)(3)(b)(iv), he has waived all but plain error regarding the magistrate's denial of his motion. We find no plain error here. The magistrate expressly noted the cost and inconvenience of transporting Powell from prison and weighed those considerations against the potential benefit to Powell if he appeared. Given Powell's lengthy incarceration, the magistrate recognized, as a practical matter, that a CSPO would have little effect on him. We note, too, that Powell never moved to present his testimony by deposition. Under these circumstances, we find no error, much less any plain error, in the magistrate's ruling. Cf. *Creager*, at ¶19 ("The trial court was concerned about the costs and logistics that would be involved in transporting Creager and providing sufficient security for Creager while he was in court. Further, at the time of the filing of this motion, Creager had not offered to be deposed, nor had he sought to obtain legal counsel. Having reviewed the record, we cannot say that the trial court abused its discretion in determining that under the *Mancino* factors, Creager had not shown compelling reasons for conveying him to the court for the hearing and in therefore denying his motion for the court to issue a warrant to convey him for the hearing."). The first assignment of error is overruled.

{¶ 11} In his second assignment of error, Powell challenges the legal sufficiency and manifest weight of the evidence to support the CSPO. In support, he argues that the outcome below would have been different if he had been present to testify. He also challenges the adequacy and credibility of Trammel's testimony during the hearing.

{¶ 12} Once again, however, we note that Powell filed no objections to the

magistrate's decision, which the trial court adopted as its own. Moreover, in our analysis above, we found no error in the trial court's denial of Powell's motion to be conveyed from prison to attend the hearing. We note, too, that he has failed to have a transcript of the CSPO hearing prepared or filed.[1] Under App.R. 9(B), Powell must file a transcript in order to argue on appeal that the CSPO "is unsupported by the evidence or is contrary to the weight of the evidence." See, also, *State v. Barksdale*, Montgomery App. No. 23422, 2011-Ohio-630, ¶11 (recognizing the need for a transcript to raise manifest weight or sufficiency arguments). Absent a transcript of the CSPO hearing, we cannot address Powell's arguments. Accordingly, the second assignment of error is overruled.

{¶ 13} In his third assignment of error, Powell claims the magistrate erred by conducting an untimely CSPO hearing. In support, he cites R.C. 2903.214(D)(2). This statute applies when a trial court has held an ex parte hearing and has issued an ex parte CSPO. In such a case, the statute generally requires the issuing court to hold a full hearing within ten days after the ex parte hearing. Here, however, there was no ex parte hearing because Trammell waived an ex parte CSPO. (Doc. #1, 5). The matter simply proceeded to a full hearing before the magistrate. Therefore, the ten-day requirement in R.C. 2903.214(D)(2) had no applicability. Again, Powell also failed to raise his argument below as an objection. For these reasons, the third assignment of error is overruled.

{¶ 14} In his fourth assignment of error, Powell contends the protection order statute, R.C. 2903.214, is unconstitutional. In particular, he claims it should require proof beyond a

---

[1] On May 11, 2010, Powell moved for the preparation and filing of a transcript at the State's expense. This Court denied the motion on June 28, 2010, explaining that Powell had no right to a free transcript in a civil matter.

reasonable doubt and should provide a better definition of a "pattern of conduct." We note, however, that Powell never raised these issues below.

{¶ 15} The "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *State v. Awan* (1986), 22 Ohio St.3d 120, at the syllabus. Although we retain the discretion to consider a waived constitutional argument, *In re Hartmier*, Montgomery App. No. 20422, 2004-Ohio-5830, ¶14, we decline to do so here. Accordingly, the fourth assignment of error is overruled.

{¶ 16} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and DONOFRIO, J., concur.


(Hon. Gene Donofrio, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).


Copies mailed to:

Shannon Trammell
Cedric Powell
Hon. Mary L. Wiseman