[Cite as *Graham v. Stevens*, 2013-Ohio-3111.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


NATHAN GRAHAM : JUDGES:
:
: Hon. William B. Hoffman, P.J.
Plaintiff - Appellant : Hon. Patricia A. Delaney, J.
: Hon. Craig R. Baldwin, J.
:
-vs- :
:
KRISTEN STEVENS : Case No. 13CA34
:
:
Defendant - Appellee : O P I N I O N


CHARACTER OF PROCEEDING: Appeal from the Richland County
Court of Common Pleas, Case No.
2012 CV 0033



JUDGMENT: Reversed and Remanded




DATE OF JUDGMENT: July 10, 2013




APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

NATHAN GRAHAM #384-747                   KRISTEN STEVENS
P.O. Box 788                            457 Impala Dr., Apt. D
1150 North Main Street                  Mansfield, OH 44903
Mansfield, OH 44901

*Baldwin, J.*

{¶1}    Appellant Nathan Graham appeals a judgment of the Richland County Common Pleas Court denying his request for a debtor's examination of appellee Kristen Stevens.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2}    On June 4, 2012, appellant obtained a default judgment against appellee in the amount of $1,100.00.  Appellant filed a motion for a debtor's examination of appellee on January 3, 2013.  The trial court overruled appellant's motion, finding that appellant, who was incarcerated, had no right to be brought to court for a debtor's examination:

{¶3}    "*Mancino* set up a nine factor test to determine whether an inmate should be permitted to be brought back for trial.  Factor (4) is the potential danger and security risk the prisoner's presence might pose and factor (5) is the substantiality of the matter at issue.  In this case, Mr. Graham is serving a 49 year sentence which includes 12 years of gun specifications and 9 mandatory years.  His prison term expires 12-19-2059.  To bring him to court for a debtor's exam in a $1,100 case would be ludicrous." Judgment entry, January 23, 2013.

{¶4}    Appellant filed a second motion for a debtor's examination on March 4, 2013.  In his motion, appellant stated that he wished to conduct the hearing by video teleconference, which is how he participated in the hearing on damages in the underlying case.  The trial court summarily overruled the motion, stating that the motion

lacked "demonstrated merit." Judgment entry, April 1, 2013. Appellant assigns a single error to this court on appeal:

{¶5}  THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION WHEN IT REFUSED TO HOLD A JUDGMENT DEBTOR EXAMINATION IN ACCORDANCE WITH OHIO REVISED CODE §2333.09 BY VIDEO-CONFERENCE.

{¶6}  R.C. 2333.09 provides:

{¶7}  "A judgment creditor shall be entitled to an order for the examination of a judgment debtor concerning his property, income, or other means of satisfying the judgment upon proof by affidavit that such judgment is unpaid in whole or in part. Such order shall be issued by a probate judge or a judge of the court of common pleas in the county in which the judgment was rendered or in which the debtor resides, requiring such debtor to appear and answer concerning his property before such judge, or a referee appointed by him, at a time and place within the county to be specified in the order."

{¶8}  In *Shepard Grain Company v. Creager*, 160 Ohio App.3d 377, 2005-Ohio-1717, 827 N.E.2d 392, ¶24, the Court of Appeals for the Second District found that the trial court abused its discretion in summarily overruling an inmate's request to be present at a hearing via telephone conference, holding in pertinent part:

{¶9}  "When prisoners are involved in civil actions in courts and the court does not find it appropriate to transport the prisoner to the courthouse, a trial court should consider innovative, alternative ways for the prisoner to participate in the action, such as telephone conference calls, rather than rendering judgment against the prisoner,

especially if the prisoner suggests an alternative means for participation. *Laguta v. Serieko* (1988), 48 Ohio App.3d 266, 267, 549 N.E.2d 216; *Elkins v. Elkins* (Jan. 4, 1999), Clermont App. No. CA98–03–019, 1999 WL 939. Creager requested a hearing on Shepard's complaint. The trial court denied his motion for the court to convey him to the court for the hearing. As the trial court denied his motion to convey, it does not seem unreasonable for the court to have Creager participate in the hearing via a telephone conference call as he requests. Creager has made multiple filings in this case, consistently demonstrating his interest in his funds. We find that the trial court did abuse its discretion in failing to consider and, thus, denying Creager's motion to be heard via telephone at the hearing."

{¶10}   R.C. 2333.09 provides that a judgment creditor shall be provided an order allowing the examination of the judgment debtor.    In the instant case, as in *Shepard*, *supra*, the trial court overruled appellant's motion without stating its reasons for failing to allow appellant to participate in the debtor's examination via video teleconference, as it appears he was able to do for the damage hearing in the underlying case.  We find the trial court abused its discretion in overruling appellant's motion.

{¶11}

The assignment of error is sustained. The judgment of the Richland County Common Pleas Court is reversed. This cause is remanded to that court for further proceedings.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.

_____
HON. CRAIG R. BALDWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. PATRICIA A. DELANEY

CRB/rad

[Cite as *Graham v. Stevens*, 2013-Ohio-3111.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| NATHAN GRAHAM | : | |
| | : | |
| Plaintiff - Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| KRISTEN STEVENS | : | |
| | : | |
| Defendant - Appellee | : | CASE NO. 13CA34 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is reversed and remanded. Costs assessed to appellee.

_____
HON. CRAIG R. BALDWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. PATRICIA A. DELANEY