[Cite as *M.C. v. S.L.*, 2014-Ohio-3338.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| M.C., | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 13AP-917 |
| v. | : | (C.P.C. No. 12JU-08-11523) |
| S.L., | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

---

# D E C I S I O N

### Rendered on July 31, 2014

---

*S.L.*, pro se.

---

**APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch.**

BROWN, J.

{¶ 1} S.L., defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, in which the court dismissed appellant's motion for continuance, motion for appointment of counsel, and motion to set visitation.

{¶ 2} Appellant gave birth to a daughter in August 2006. L.L. is the minor child's father. Appellant and L.L. were married in November 2007. In 2010, the court sentenced appellant to a prison term for involuntary manslaughter and aggravated robbery with an expected release date of 2025. On August 28, 2012, plaintiff-appellee, M.C., the child's paternal aunt and with whom the child had been living pursuant to the consent of both parents, filed a complaint for allocation of parental rights. The trial court held a hearing on M.C.'s motion, but neither appellant nor L.L. appeared. On November 15, 2012, the

trial court issued a decision in which the court designated M.C. legal custodian for the child.   The court ordered visitation with appellant and L.L. as agreed between the parties and M.C.

{¶ 3}   On July 15, 2013, M.C. filed a motion to set support. The hearing on the motion to set support was scheduled for August 20, 2013.

{¶ 4}   On August 7, 2013, appellant filed a motion to set visitation. Appellant sought visitation with the child and alleged that M.C. had denied her visitation. Appellant also requested that the court issue an order to convey so she could attend the hearing or, in the alternative, allow her to be present via telephone or video. The motion was set for a hearing September 26, 2013.

{¶ 5}   On August 13, 2013, appellant filed a motion for continuance of the August 20, 2013 hearing and requested that the court let her appear at that hearing via telephone or video conference. Also on August 13, 2013, appellant filed a motion for appointment of counsel.

{¶ 6}   On August 20, 2013, the magistrate held the previously scheduled hearing on M.C.'s motion to set support and granted said motion. The trial court adopted the magistrate's decision on October 17, 2013.

{¶ 7}   On September 25, 2013, appellant filed a motion requesting that the court contact her for the September 26, 2013 hearing. Appellant indicated that she was available to appear at the hearing through an order to convey or, in the alternative, requested that she be able to attend via telephone or video. Appellant included the contact information for her case manager and the various times appellant was available.

{¶ 8}   On September 26, 2013, a hearing was held on appellant's August 7, 2013 motion to set visitation, August 13, 2013 motion for continuance (although it actually sought continuance of the August 20, 2013 hearing), and motion for appointment of counsel. Appellant did not appear at the hearing. On September 27, 2013, the magistrate issued a decision and entry in which she dismissed appellant's three motions based upon her failure to appear at the hearing. The trial court adopted the magistrate's September 27, 2013 decision on the same day. Appellant appeals the judgment of the trial court, asserting the following assignments of error:

> [I.]  THE TRIAL COURT ERRED TO THE PREJUDICE OF
> APPELLANT AND ABUSED ITS DISCRETION WHEN IT

DISMISSED THIS CASE WITHOUT PRIOR NOTICE TO APPELLANT, DENIED THE REQUEST OF APPELLANT TO BE PRESENT AT THE HEARING(S) ON VISITATION & PARENTING TIME WITHOUT FULLY ADDRESSING THE ISSUES RAISED IN THE AUGUST 7, 2013 MOTION TO BE PRESENT, OR THE ALTERNATIVES RAISED IN SUCH MOTION.

[II.] THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION WHEN IT DENIED THE REQUEST OF APPELLANT TO BE PRESENT AT THE HEARING(S) ON VISITATION & PARENTING TIME WITHOUT FULLY ADDRESSING THE ISSUES RAISED IN THE AUGUST 7, 2013 MOTION TO BE PRESENT, OR THE ALTERNATIVES RAISED IN SUCH MOTION.

[III.] THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND DENIED HER DUE PROCESS AND THE OPPORTUNITY TO FULLY AND FAIRLY LITIGATE HER CLAIM WITHOUT A CONSIDERATION OF THE BEST INTERESTS FACTORS UNDER 3109.051(D) BY DISMISSING HER MOTION.

{¶ 9} Before addressing appellant's assignments of error, we must address the fact that appellant failed to file objections to the magistrate's September 27, 2013 decision. Civ.R. 53(D)(3)(b)(iv) provides, in pertinent part, that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Thus, the failure to file objections to a magistrate's decision under Civ.R. 53(D)(3)(b) constitutes the waiver of the right to appellate review of all but plain error. *Buford v. Singleton*, 10th Dist. No. 04AP-904, 2005-Ohio-753, ¶ 6. In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error seriously affects the basic fairness, integrity or public reputation of the judicial process itself. *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus. Therefore, our review of appellant's assignments of error in the present case is limited to plain error.

{¶ 10} We first address appellant's second assignment of error because it is dispositive of her other assignments of error. Appellant argues in her second assignment of error that the trial court erred when it denied her request to be present at the hearing on visitation and parenting time without fully addressing the issues raised in her August 7, 2013 motion. Appellant maintains that, pursuant to her request included in her motion to set visitation, the trial court should have permitted her to appear personally at the hearing or, in the alternative, appear via telephone or video conference.

{¶ 11} In both her August 7 and 25, 2013 pleadings, appellant requested that she be able to personally attend the hearing on her request for visitation and parenting time or, in the alternative, be present via telephone or video conference. The trial court implicitly denied these requests. In situations where a party is unrepresented by counsel and incarcerated, trial courts should pursue avenues other than dismissal for want of prosecution in order to ensure that those claims so deserving be adjudicated on their merits. *Laguta v. Serieko*, 48 Ohio App.3d 266, 267 (9th Dist.1988), citing *Poole v. Lambert*, 819 F.2d 1025 (11th Cir.1987); *Palmer v. Decatur*, 814 F.2d 426 (7th Cir.1987); *Reynolds v. Foree*, 771 F.2d 1179 (8th Cir.1985); *Sisk v. United States*, 756 F.2d 497 (7th Cir.1985); *Holt v. Pitts*, 619 F.2d 558 (6th Cir.1980); *Heidelberg v. Hammer*, 577 F.2d 429 (7th Cir.1978). Even if a trial court finds an inmate's request to convey prohibitive, "[w]hen prisoners are involved in civil actions in courts and the court does not find it appropriate to transport the prisoner to the courthouse, a trial court should consider innovative, alternative ways for the prisoner to participate in the action, such as telephone conference calls, rather than rendering judgment against the prisoner, especially if the prisoner suggests an alternative means for participation." *Shepard Grain Co. v. Creager*, 160 Ohio App.3d 377, 2005-Ohio-1717, ¶ 24 (2d Dist.) (although the trial court denied inmate's motion to convey, the court abused its discretion when denied his motion to be heard via telephone at the hearing). Furthermore, even though an inmate in a civil proceeding does not have a constitutional right to counsel, a trial court should consider the appointment of pro bono counsel. *Harden v. Dayton*, 2d Dist. No. 22072, 2008-Ohio-1599, ¶ 30, citing *Freeman v. Kimble-Freeman*, 8th Dist. No. 79287 (Nov. 29, 2001).

{¶ 12} In the present case, appellant has made multiple filings with the court, requested several continuances, and requested the appointment of counsel,

demonstrating her interest in participating in the custody and care of her daughter. *See Shepard Grain Co.* at ¶ 24 (trial court abused its discretion in failing to allow inmate to participate in hearing via telephone when inmate made multiple filings and consistently demonstrated his interest in the case); *Harden* at ¶ 30 (trial court erred in dismissing action for failure to prosecute without exploring ways to allow inmate to participate in proceedings when inmate had requested discovery, appointment of counsel, and continuances on multiple occasions). The trial court here should have considered less drastic alternatives to the outright dismissal of her motion for failure to prosecute. It is a basic tenet of Ohio jurisprudence that cases should be decided on their merits. *Perotti v. Ferguson*, 7 Ohio St.3d 1, 3 (1983). Dismissing an action without considering less drastic alternatives does not advance the judicial principle of deciding cases on the merits. *Jordan v. Ivanchak*, 11th Dist. No. 88-T-4102 (Dec. 15, 1989). Whenever feasible and reasonable, an inmate should be provided access to the courts, particularly, as here, when the best interests of the inmate's child are at stake. *See, e.g., Porter v. Rose*, 8th Dist. No. 79697, 2002-Ohio-3432, ¶ 18 (questioning whether a trial court may dismiss a civil complaint from an incarcerated pro se defendant without first considering other methods of providing the complainant access to the courts). While all of the above alternatives may not be feasible in every case, a trial court should at least consider these options. *Dohm v. Dohm*, 11th Dist. No. 2010-L-091, 2011-Ohio-1166, ¶ 29 (J. Grendell, dissenting).

{¶ 13} Here, there is no evidence that the court considered any alternatives to the dismissal of appellant's motion, and the trial court never addressed whether it would be able to accommodate appellant's incarceration. In addition, although we acknowledge that many of the above-cited cases involve the dismissal of the entire action, the same underlying rationale discussed in them applies to the present case. Although appellant could refile her motion for visitation, doing so would result in a repeating cycle of filings and dismissals until she obtained counsel or is released from jail.

{¶ 14} Therefore, appellant's second assignment of error is well-taken. We must remand the matter to the trial court to allow appellant to pursue the prosecution of her motion to set visitation. We encourage the trial court to consider alternative means of allowing appellant to participate in the proceedings. Based upon the disposition of

appellant's second assignment of error, her remaining assignments of error are rendered moot.

{¶ 15} Accordingly, appellant's second assignment of error is sustained, and appellant's first and third assignments of error are rendered moot. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is reversed, and this matter is remanded to that court for further proceedings in accordance with law, consistent with this decision.

*Judgment reversed and cause remanded.*

SADLER, P.J., and TYACK, J., concur.

_____