[Cite as *Smith v. Gilbert*, 2015-Ohio-444.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| JODY J. SMITH | : | |
| | : | Appellate Case No. 2014-CA-81 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 13-CVF-277 |
| v. | : | |
| | : | (Civil Appeal from |
| ANGELA GILBERT | : | Clark County Municipal Court) |
| | : | |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of February, 2015.

. . . . . . . . . .

JAMES D. MILLER, II, Atty. Reg. No. 0088136, 6316 Far Hills Avenue, Dayton, Ohio 45459
    Attorney for Plaintiff-Appellant

SCOTT BISSELL, Atty. Reg. No. 0085229, 5455 Paddington Road, Centerville, Ohio 45459
    Attorney for Defendant-Appellee

. . . . . . . . . . . .

HALL, J.

{¶ 1} Jody J. Smith appeals from the trial court's denial of his Civ.R. 60(B) motion for relief from judgment.

{¶ 2} In his sole assignment of error, Smith contends the trial court erred in denying his motion. Specifically, he claims the trial court erred in failing to find grounds for relief from judgment under Civ.R. 60(B)(5) where his attorney was suspended from the practice of law and, therefore, did not appear for trial or request a continuance, resulting in a final judgment for appellee Angela Gilbert.

{¶ 3} The record reflects that Smith filed a municipal-court complaint against Gilbert in which he sought the return of a $4,000 engagement ring (or the cash value of the ring) and the repayment of a $4,000 loan. Gilbert filed a counterclaim in which she sought $5,542.60 due to Smith's allegedly unlawful repossession of her van.

{¶ 4} The case proceeded to a scheduled bench trial on November 5, 2013. Gilbert and her attorney, Scott Bissell, appeared for trial, but neither Smith nor his attorney, Wilfred Potter, appeared. After noting the absence of Smith and his attorney, the trial court made the following record:

> * * * [At] about 11:30 or 11:40 this morning, Mr. Potter came to the Court and indicated that he had just learned that his license was suspended for failing to pay his registration fee. Mr. Potter was advised to contact you, Mr. Bissell[,] and to contact his client as well. The Court did not direct the Plaintiff, Mr. Smith, not to appear today. The Court has had no communications with Mr. Smith.

(Trial Tr. at 3).

{¶ 5} Gilbert's counsel, attorney Bissell, then made the following record regarding his communication with Smith's counsel:

> * * * I was back at my office around noon [today], and I got a voice mail that said that, from his secretary that said that there was an emergency and that the hearing was not going forward.
>
> My client had contacted the court and advised me that there had been no motion to continue or anything else, or no, no ruling on that so I came prepared to try this case, Your Honor. And if I may, I would like to enter an oral motion to dismiss the Plaintiff's claim and to grant default judgment on the Defendant's counterclaim. This trial date has been scheduled for quite some time. Mr. Potter and Mr. Smith both had ample notice of this situation. Mr. Potter's being suspended, I think, you know, his client had the option to come to the court and ask for a continuance which I suspect that this court would grant, if he did that.

(*Id.* at 4).

{¶ 6} The trial court declined to grant a default judgment on the counterclaim but allowed Gilbert to testify in support of it. Based on her testimony, the trial court entered judgment in her favor on the counterclaim for $5,542.60. It also dismissed Smith's complaint with prejudice. (*Id.* at 9; *see also* Doc. # 15).

{¶ 7} Following the trial court's November 2013 judgment entry, Smith filed a pro se April 2014 motion for relief from judgment. (Doc. #22A). In an accompanying memorandum, he alleged that Potter's secretary had told him on the day of trial "that Mr.

Potter had a personal matter and that our court date would be postponed." (Doc. #22D). Smith argued, among other things: "I feel that my attorney abandoned me and that I ask the court to consider this as reason one to enact a Rule 60(B)." (*Id.*).

{¶ 8} The trial court held a June 10, 2014 hearing on Smith's Civ.R. 60(B) motion. Smith appeared for the hearing pro se. Gilbert appeared with her attorney. Smith reiterated his claim that Potter's secretary had told him on the morning of trial that Potter had a personal matter and that the trial would be continued. (Motion Transcript at 6). Gilbert's attorney, Scott Bissell, opposed the motion. He acknowledged receiving essentially the same message from Potter's office on the morning of trial. (*Id.* at 5). He argued, however, that Potter's "neglect" did not justify relief from judgment. Rather, Bissell argued that the proper course of action was for Smith to file a malpractice suit against Potter. (*Id.*). After hearing the parties' arguments, the trial court found no grounds for relief under Civ.R. 60(B). Addressing Smith, the trial court explained:

> * * * You selected Mr. Potter to represent you in this case and you brought this action.
>
> * * * And then on the day and time of the trial, you weren't here, nor was Mr. Potter here. This trial took place on November the 5th. Notice of that trial date went out three months before. This case was set for trial on August the 6th. What Mr. Bissell says is accurate. Your lawyer neglected you here, but it's not a basis under which the court can set aside this decision.
>
> You have other remedies, but they are not this court vacating this decision. You chose your lawyer and it appears that's what got you here

today. * * *

Miss Gilbert and her lawyer were here pursuant to the notice that the court sent out. I don't have any reason to doubt what you say Mr. Potter's secretary told you, but that doesn't change the fact that this case was set for trial, had been set for trial ninety days in advance; and when the trial day and time came, half the case was here and the case---the half that caused the case to be filed in the first place was not. So the court met its obligation on November 5th. It heard evidence and rendered a decision. And based on the information you've provided today, you haven't satisfied what Civil Rule 60(B) requires in order for the court to vacate the decision in this case.

So the decision stands and Mr. Smith, as I've indicated and as Mr. Bissell has suggested, you're free to pursue other remedies but this decision stands.

(*Id.* at 7-8).

{¶ 9} The trial court followed its oral ruling with an entry denying Smith's motion. In its entry, the trial court stated that "while the defendant [sic—the plaintiff] may have received inaccurate advice from the lawyer who previously represented him, he has not demonstrated grounds for the Court to vacate its judgment." (Doc. #26).

{¶ 10} On appeal, Smith (now represented by new counsel) claims he was entitled to relief from judgment under Civ.R. 60(B)(5) on the basis of abandonment by his attorney. In response, Gilbert maintains that the present case does not present an extraordinary situation to which Civ.R. 60(B)(5) applies. She argues that the remedy for Smith's attorney's conduct is a malpractice action. Finally, even if grounds for relief from

judgment under Civ.R. 60(B)(5) do exist, Gilbert claims Smith cannot satisfy other requirements for relief from judgment.

{¶ 11} Civil Rule 60(B) allows parties to be relieved from final orders or judgments on the following grounds:

(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶ 12} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d

914 (1994). We review the disposition of a Civ.R. 60(B) motion for an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). "'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary, or unconscionable." (Citation omitted.) *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*

{¶ 13} With the foregoing standards in mind, we conclude that the trial court acted unreasonably, and therefore abused its discretion, in denying Smith's motion on the basis that he had not demonstrated grounds for relief under Civ.R. 60(B). In reaching this conclusion, we recognize that "[a]s a general rule, the neglect of a party's attorney will be imputed to the party for the purposes of Civ.R. 60(B)(1)." *GTE Automatic Elec.* at paragraph four of the syllabus. The rationale for this rule is that a client voluntarily chooses his attorney and cannot avoid the consequences of his chosen agent's acts or omissions. *Id.* at 152-153. This does not preclude the possibility, however, "that in an appropriate case other factors may also be present that entitle a party to relief under other sections of Civ.R.60(B)[.]" *Id.* at 153.

{¶ 14} In *Whitt v. Bennett*, 82 Ohio App.3d 792, 613 N.E.2d 667 (2d Dist.1992), this court reasoned that an attorney's neglect, including failure to attend a hearing, constituted inexcusable neglect and did not justify granting the client relief from judgment under Civ.R. 60(B)(1), which applies to mistake, inadvertence, surprise, and excusable neglect. *Id.* at 796-797. Consistent with *GTE Automatic Elec.*, however, this court also recognized that such inexcusable neglect might fit within the scope of Civ.R. 60(B)(5) because of its extraordinary nature. *Id.* at 797. This court reasoned: "Appellants

demonstrated through their affidavits that their attorney abandoned his representation of them. Such conduct, depending on the facts and circumstances, may constitute one of those 'other factors' that take the motion out of Civ.R. 60(B)(1) and entitle a party to relief under another section of Civ.R. 60(B), *GTE Automatic Elec. v. ARC Industries*, *supra*, in this case, under section (5)." *Id.* This court then added:

> We further conclude that the trial court erred in holding that the conduct of an attorney must be imputed to his client for purposes of Civ.R. 60(B). That requirement has been made concerning Civ.R. 60(B)(1). *GTE Automatic Elec. v. ARC Industries*, *supra*; * * *. The grounds contemplated in that rule are ordinary in nature. The requirement has not been extended to the extraordinary circumstances contemplated in Civ.R. 60(B)(5). Upon a review of the facts and circumstances the court may find that the client is responsible for some measure of the failures concerned. However, fault should not automatically be imputed when an attorney has grossly neglected a diligent client's case and misleads the client to believe that his interests are being properly handled.

*Id.* at 797-798.

**{¶ 15}** Consistent with *Whitt*, other courts have recognized that an attorney's abandonment of a client may constitute an extraordinary circumstance justifying relief under Civ.R. 60(B)(5). *See*, *e.g.*, *Melton v. Melton*, 1st Dist. Hamilton No. C-130123, 2013-Ohio-4790, ¶ 13 ("In order for an attorney's conduct to fall outside the purview of Civ.R. 60(B)(1), and to be considered an extraordinary circumstance contemplated by Civ.R. 60(B)(5), the conduct must 'reveal[ ] a complete disregard for the judicial system.'

[Citation omitted]. In other words, the attorney's conduct must be egregious; for example, conduct rising to the level of abandonment."); *Parts Pro Auto. Warehouse v. Summers*, 2013-Ohio-4795, 4 N.E.3d 1054, ¶ 23-24 (8th Dist.) (finding that counsel's "gross neglect," which included failure to appear for a hearing, constituted abandonment and required relief under Civ.R. 60(B)(5)); *Robinson v. Miller Hamilton Venture, LLC*, 12th Dist. Butler No. CA2010-09-226, 2011-Ohio-3017, ¶ 19 ("This court and others have recognized that certain circumstances of egregious conduct on the part of counsel, such as the abandonment of a client's case, may remove a motion from the purview of Civ.R. 60(B)(1) and entitle a party to relief under subsection (B)(5).").

{¶ 16} In *Mayor v. WCI Steel, Inc.*, 11th Dist. Trumbull No. 200-T-0054, 2001 WL 276976 (March 16, 2001), the Eleventh District determined that "[a]bandonment would occur if the attorney were prohibited from practicing law by a disciplinary committee * * * in which case the client would be without scienter." That is what occurred here. Smith's counsel engaged in gross neglect that rose to the level of abandonment by being suspended from the practice of law shortly before trial. According to the uncontroverted statements made at the hearing on Smith's motion, his counsel also misled him into believing that a continuance would be granted and that his interests, therefore, were being handled properly. None of the statements made by Smith or counsel for Gilbert suggest any fault whatsoever on Smith's part. Notably, the trial court found no "reason to doubt" Smith's claims about what had occurred, and Smith's recitation of what his attorney told him was consistent with Gilbert's counsel's version of events. In our view, the present case presents a textbook example of an extraordinary circumstance where the interests of justice warrant relief under Civ.R. 60(B)(5). The trial court, therefore, acted

unreasonably and abused its discretion in finding no grounds for relief under Civ.R. 60(B).[1]

{¶ 17} In opposition to the foregoing conclusion, Gilbert contends Smith "should have sought relief from the trial court as soon as he was made aware that the trial had taken place without him." (Appellee's brief at 8). In particular, she suggests elsewhere in her brief that Smith could have requested a continuance, filed a motion for reconsideration, requested relief from judgment, or filed a direct appeal. (*Id.* at 5). We find these arguments unpersuasive. It was too late for Smith to request a continuance after the November 2013 trial. Moreover, as noted above, Smith's attorney told him the trial *would* be continued. Smith had no reason to believe otherwise. With regard to reconsideration, any such motion after the trial court's judgment would have been a nullity. *S. Christian Leadership Conf. v. Combined Health Dist.*, 191 Ohio App.3d 405, 2010-Ohio-6550, 946 N.E.2d 282, ¶ 37 (2d Dist.) (recognizing that a motion for reconsideration after final judgment is a nullity). As for seeking relief from judgment, that is precisely what Smith did when he filed his Civ.R. 60(B) motion. Finally, a direct appeal would not have been effective because the testimony presented at the trial held in Smith's absence supports the trial court's judgment. The only question is whether extraordinary circumstances warrant granting Smith relief from that judgment. Smith could not have raised that issue in a direct appeal.

{¶ 18} Gilbert also argues that the trial court properly denied relief from judgment

---

[1] In reaching this conclusion, we recognize that Smith's pro se motion specifically referenced Civ.R. 60(B)(1), which did not apply due to the inexcusable nature of his attorney's neglect. In his accompanying memorandum, however, Smith explicitly argued that his attorney's actions constituted abandonment, which as noted above, constitutes grounds for relief under Civ.R. 60(B)(5).

even if grounds for such relief exist under Civ.R. 60(B)(5). This is so, Gilbert claims, because Smith failed to satisfy the other two requirements for Civ.R. 60(B) relief---namely that he demonstrate the existence of a meritorious defense or claim and show that he filed his motion within a reasonable time. We decline to decide whether Smith met these two additional requirements. The sole basis for the trial court's denial of his motion was his failure to establish grounds for relief under Civ.R. 60(B)(1) through (5). The trial court did not address whether Smith had demonstrated a meritorious claim or defense. Nor did it decide whether he had filed his motion within a reasonable time. Because these matters are committed to a trial court's sound discretion, we will leave it to the trial court to address them in the first instance on remand. We hold only that the trial court abused its discretion in failing to find grounds for relief under Civ.R. 60(B)(5).

{¶ 19} Based on the reasoning set forth above, Smith's assignment of error is sustained. The trial court's denial of Civ.R. 60(B) relief is reversed, and the cause is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

FROELICH, P.J., and DONOVAN, J., concur.

Copies mailed to:

James D. Miller, II
Scott Bissell
Hon. Denise L. Moody