[Cite as *Smith v. Gilbert*, 2017-Ohio-7634.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| JODY J. SMITH | : | |
| | : | |
| *Plaintiff-Appellant* | : | Appellate Case No. 2016-CA-52 |
| | : | |
| v. | : | Trial Court Case No. 2013-CVF-00277 |
| | : | |
| ANGELA GILBERT | : | (Civil Appeal from Municipal Court) |
| | : | |
| *Defendant-Appellee* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of September, 2017.

. . . . . . . . . . .

JODY J. SMITH, 475 Cassilly Street, Springfield, Ohio 45503
    Plaintiff-Appellant-Pro Se

SCOTT BISSELL, Atty. Reg. No. 0085229, 5455 Paddington Road, Centerville, Ohio 45459
    Attorney for Defendant-Appellee

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Plaintiff-appellant Jody Smith appeals from a judgment of the Clark County Municipal Court dismissing his complaint for damages and rendering judgment against him on the counterclaim of defendant-appellee Angela Gilbert. Smith contends that the trial court erred by denying his Civ.R. 60(B) motion for relief.

{¶ 2} We conclude that there is no relief that this court can grant. The trial court did, on remand, grant the motion for relief and a trial on the merits was conducted. Accordingly, the judgment of the trial court is affirmed.

## I. Procedural History

{¶ 3} In January 2013, Smith filed a municipal court complaint against Gilbert in which he sought the return of a $4,000 engagement ring (or the cash value of the ring) and the repayment of a $4,000 loan. Gilbert filed a counterclaim in which she sought $5,542.60 based upon Smith's alleged unlawful repossession of her van. A bench trial was scheduled for November 5, 2013. Gilbert and her attorney, Scott Bissell, appeared for trial, but neither Smith nor his attorney, Wilfred Potter, appeared. After noting the absence of Smith and his attorney, the trial court made the following record:

> * * * [At] about 11:30 or 11:40 this morning, Mr. Potter came to the Court and indicated that he had just learned that his license was suspended for failing to pay his registration fee. Mr. Potter was advised to contact you, Mr. Bissell[,] and to contact his client as well. The Court did not direct the Plaintiff, Mr. Smith, not to appear today. The Court has had no communications with Mr. Smith.

{¶ 4} Gilbert's counsel then made the following record regarding his communication with Smith's counsel:

> * * * I was back at my office around noon [today], and I got a voice mail that said that, from his secretary that said that there was an emergency and that the hearing was not going forward.
>
> My client had contacted the court and advised me that there had been no motion to continue or anything else, or no, no ruling on that so I came prepared to try this case, Your Honor. And if I may, I would like to enter an oral motion to dismiss the Plaintiff's claim and to grant default judgment on the Defendant's counterclaim. This trial date has been scheduled for quite some time. Mr. Potter and Mr. Smith both had ample notice of this situation. Mr. Potter's being suspended, I think, you know, his client had the option to come to the court and ask for a continuance which I suspect that this court would grant, if he did that.

{¶ 5} The trial proceeded without Smith. Following Gilbert's testimony, the trial court entered judgment in her favor on the counterclaim for $5,542.60. The court also dismissed Smith's complaint with prejudice.

{¶ 6} In April 2014, Smith filed a pro se motion for relief from judgment wherein he alleged that Potter's secretary had told him on the day of trial "that Mr. Potter had a personal matter and that our court date would be postponed." Dkt. No. 22D. Smith argued, among other things: "I feel that my attorney abandoned me and that I ask the court to consider this as reason one to enact a Rule 60(B)." *Id.*

{¶ 7} The trial court held a June 10, 2014 hearing on Smith's Civ.R. 60(B) motion.

Smith appeared for the hearing pro se. Gilbert appeared with her attorney. Smith reiterated the claims set forth in his motion. Gilbert's attorney, Scott Bissell, opposed the motion, but acknowledged receiving essentially the same message from Potter's office on the morning of trial. The trial court found no grounds for relief under Civ.R. 60(B). In the entry denying the motion, the trial court stated that although Smith's prior attorney may have given him inaccurate advice, Smith failed to demonstrate grounds for vacating the judgment.

{¶ 8} Smith, through new counsel James Miller, filed a timely appeal to this court. In our decision filed February 2015, we stated that counsel for Smith "engaged in gross neglect that rose to the level of abandonment by being suspended from the practice of law shortly before trial," and that "the present case presents a textbook example of an extraordinary circumstance where the interests of justice warrant relief under Civ.R. 60(B)(5)." *Smith v. Gilbert*, 2d Dist. Clark No. 2014-CA-81, 2015-Ohio-444, ¶ 16. This Court further noted that "[t]he trial court did not address whether Smith had demonstrated a meritorious claim or defense. Nor did it decide whether he had filed his motion within a reasonable time. Because these matters are committed to a trial court's sound discretion, we will leave it to the trial court to address them in the first instance on remand." *Id.*, at ¶ 18.

{¶ 9} On remand, the trial court conducted a hearing on the motion for relief which took place on March 3, 2015. Miller represented Smith at this hearing. On May 12, 2015, the trial court entered an order again denying the Civ.R. 60(B) motion. In its decision, the trial court concluded that Smith's motion was timely filed. However, the court also concluded that Smith had failed to prove the value of the engagement ring or

to present evidence supporting his claims regarding the loan to Gilbert. Thus, the trial court found that he had not demonstrated a meritorious claim with regard to either the ring or the loan. Smith, acting pro se, filed a second notice of appeal to this court. Smith also filed his appellate brief acting pro se.

{¶ 10} By decision dated March 18, 2016, this court determined that the trial court abused its discretion when it denied the motion for relief upon a finding that Smith failed to demonstrate a meritorious defense. We held that Smith was only required to allege a meritorious claim or defense; not to prove that he would prevail on a claim that had yet to be litigated. *Smith v. Gilbert*, 2d Dist. Clark No. 2015-CA-61, 2016-Ohio-1099, ¶ 19 and 22. Accordingly, we reversed and vacated the trial court's decision and remanded the matter for further proceedings. *Id.*

{¶ 11} Upon remand, the trial court, by entry dated April 12, 2016, vacated its prior judgment and set the matter for trial on June 14, 2016. The notice was mailed to Smith and Gilbert as well as to Miller and Bissell. On May 5, 2016, Miller filed a motion to withdraw in which he stated that Smith had retained him only for the first appeal and the hearing on remand. He further stated that his representation had concluded.[1] On June 10, 2016, an individual named Ashley Smith, identifying herself as power of attorney for Jody Smith, filed a motion to transport Smith from the Chillicothe Correctional Institution to the Clark County Municipal Court for the trial date.[2]

{¶ 12} By entry filed June 16, 2016, the court noted that a person identifying herself

---

[1] This claim is corroborated by the fact that Smith represented himself in the prosecution of his second appeal.

[2] According to the record, Smith was incarcerated on April 29, 2016.

as Smith's fiancée, Ashley Murphy, had telephoned the court and indicated that Smith was incarcerated and that she was his power of attorney. The trial court also noted that she had filed the motion to transport. The trial court reset the trial date for August 2, 2016. The entry stated that if Smith failed to retain counsel to appear on his behalf, his complaint would be dismissed. The trial court further ordered Murphy to cease the unauthorized practice of law. Finally, the court granted Miller's motion to withdraw.

{¶ 13} On August 2, Gilbert appeared with counsel. Smith did not appear, nor did counsel on his behalf. Murphy appeared and stated that she had been unable to obtain counsel for Smith. The court noted that Smith had not filed a request or motion for a continuance, nor "acted in a manner indicating an intent to pursue his complaint." Dkt. No. 54A. The trial court, noting that Gilbert indicated her testimony would be the same as at the prior trial, indicated that it reviewed the transcript of that trial. The court entered judgment for Gilbert on her counterclaim and dismissed Smith's complaint. Smith has filed a pro se appeal with this court.

## II. Attorney Abandonment

{¶ 14} Smith's first assignment of error states as follows:

THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S MOTION

FOR RELIEF FROM JUDGMENT PURSUANT TO CIV.R. 60(B).

{¶ 15} In this assignment of error, Smith contends that the trial court erred by denying his Civ.R. 60(B) motion for relief. He raises the same arguments as set forth in his motion for relief. Specifically, he argues that his first attorney, Wilfred Potter, abandoned him. Thus, he argues that he is entitled to relief from judgment.

{¶ 16} This argument ignores the fact that the trial court did follow our mandate in its April 12, 2016 entry vacating the original judgment against Smith. Thus, Smith has already been afforded the relief he requests in the assignment of error, and no further relief can be granted as this issue has been resolved.

{¶ 17} The first assignment of error is overruled.

### III. Meritorious Claim or Defense

{¶ 18} Smith's second assignment of error is as follows:

THE TRIAL COURT ERRED BY IMPLYING THE APPELLANT NEEDED TO PROVE HIS WHOLE CASE BEFORE EVER HAVING THE OPPORTUNITY TO PRESENT HIS CASE.

{¶ 19} Smith's argument in this assignment of error is unclear. It merely notes that he is not an attorney, and states that he believes that this case has been handled incorrectly by the trial court since "the day my attorney failed to represent me at the trial court November 5th 2013." A reading of the statement of error indicates that Smith objects to the trial court's May 12, 2015 judgment finding that Smith had failed to prove a meritorious claim or defense.

{¶ 20} Again, this issue was resolved by Smith's prior appeal, and the fact that upon remand the trial court vacated the prior judgment and set the matter for trial. The relief that Smith seeks has already been granted on this issue. Thus, the second assignment of error is overruled.

### IV. Attorney Withdrawal

{¶ 21} The third assignment of error asserted by Smith states:

THE ATTORNEY LEFT THE CLIENT WITHOUT NOTIFICATION WHILE

THE APPELLANT BECAME INCARCERATED.

{¶ 22} Smith contends that his attorney, Miller, left him "stranded" when he failed to appear for the August 2, 2016 trial date. He contends that he, thus, is entitled to have the trial court's decision denying his Civ.R. 60(B) motion for relief reversed.

{¶ 23} We find this assignment of error lacks merit. First, as noted in the prior assignments of error, the trial court did, on remand, grant Smith's motion for relief. Second, the record does not support a finding that Miller "stranded" or abandoned Smith on the 2016 trial date. As noted above, on remand from the second appeal, the trial court set the matter for trial on June 14, 2016. Miller filed his motion to withdraw on May 5, 2016, more than a month prior to the trial date. On June 16, 2016, the trial court granted the motion to withdraw. In the same entry, the trial court postponed the trial date to August 2. At no time during the intervening two months did Smith file a motion for a continuance. The trial court, on the date set for trial, dismissed Smith's case for failure to prosecute.

{¶ 24} Before a trial court can dismiss a plaintiff's case for failure to prosecute, the record must reflect that the plaintiff had notice that dismissal was a possibility. Civ.R. 41(B)(1). "Written formal notice is not necessary for compliance with Civ.R. 41(B)(1), but the court must provide sufficient notice to allow the plaintiff an opportunity to comply with a court order or explain why the plaintiff has not proceeded to litigate the case." *Musgrove v. Helms*, 2d Dist. Greene Nos. 08CA96 and 09CA76, 2011-Ohio-1614, ¶ 54, citing *Carr v. Green*, 78 Ohio App.3d 487, 605 N.E.2d 431 (10th Dist. 1992). "Notice of a trial date,

alone, does not satisfy the notice requirement." *Id.* "However, dismissal for failure to prosecute when the plaintiff fails to appear at a hearing without explanation is not an abuse of discretion." *Id.*, citing *Pembaur v. Leis*, 1 Ohio St.3d 89, 437 N.E.2d 1199 (1982).

**{¶ 25}** In this case, the trial court entered an order setting a later trial date, thus giving Smith ample time to file a motion to continue or to obtain counsel. While a notice of trial date is not generally sufficient to satisfy the Civ.R. 41 notice requirement, we note that this notice specifically stated that the failure to appear would result in dismissal of Smith's claim. Further, Smith was on notice that his fiancée was not permitted to represent him. However, instead of filing a motion for continuance, he merely had Murphy appear before the court on the trial date, despite the fact that the trial court had ordered her to stop improperly practicing law by attempting to represent Smith in court. Thus, we find that Smith was provided with adequate notice.

**{¶ 26}** While Smith's fiancée did file a motion to transport Smith to the trial, we note that the trial court had no duty to rule on the motion as the fiancée was not licensed to practice law. By admonishing the fiancée to cease the unauthorized practice of law, the trial court implicitly overruled the motion. We cannot say that this was an abuse of discretion. Further, "this Court observed that a Fourteenth Amendment Due Process right of physical access to the courts has not been extended to prisoners." *Trammell v. Powell*, 2d Dist. Montgomery 23832, 2011-Ohio-2978, ¶ 6, citing *Shephard Grain Co. v. Creager*, 160 Ohio App.3d 377, 2005-Ohio-1717, 827 N.E.2d 392, ¶ 17 (2d Dist.).

**{¶ 27}** Also, in Ohio, pro se litigants are "presumed to know the law and correct procedure, and are held to the same standard as other litigants." *Yocum v. Means*, 2d

Dist. Darke No. 1576, 2002–Ohio–3803, ¶ 20.   Thus, "a pro se litigant 'cannot expect or demand special treatment from the judge, who is to sit as impartial arbiter.' * * *."   *Id.* Accordingly, it was incumbent upon Smith, even as a pro se litigant, to file a motion for continuance.   In the absence thereof, we cannot say that the trial court abused its discretion by proceeding with trial.

{¶ 28} The third assignment of error is overruled.

## V. Conclusion

{¶ 29} All of Smith's assignments of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

HALL, P.J. and DONOVAN, J., concur.

Copies mailed to:

Jody J. Smith
Scott Bissell
Hon. Denise L. Moody